# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAISSA DJUISSI KENGNE | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| WESLEY FREEMAN; BDO USA, LLP; SCOTT MEIER; PAUL DAVISON; JASON CUDA; | )<br>)<br>)<br>) CIVIL ACTION FILE NO.<br>) _____<br>) |
| JUSTIN WILKES; ANTHONY REH; PETER POPPO; MARK DAVENPORT; JOHNSON WONG; JUSTIN MUNGAL, | )<br>)<br>)<br>)<br>) |
| BEACON MANAGEMENT SERVICES, LLC; LISA SIMMONS; STEVEN WEIBEL; 1280 WEST CONDOMINIUM ASSOCIATION; MICHAEL SHINNERS; MICHAH KURTZBERG; RONNIE BRIDGES; BRETT DETTMERING; MICHAEL SHAFFER; ROHAN RUPANI, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| FINCH MCCRANIE; MICHAEL SULLIVAN; WALTER JOSPIN; | )<br>)<br>) |
| and | )<br>) |
| INTERFACE, INC; ATLANTICUS HOLDINGS CORPORATION; SPAR GROUP, INC (NMS SPAR); BIOHORIZONS IMPLANT SYSTEM, INC. (an Henry Schein Subsidiary); KAS NADERI | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant BDO USA, LLP ("BDO USA") appearing specifically and without waiving the defenses of insufficient process, insufficient service of process and any other defenses available under state and/or federal law, hereby removes this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, because this Court has original federal question and supplemental jurisdiction over the claims. In support of its Notice of Removal, BDO USA states and alleges the following:

## STATEMENT OF GROUNDS FOR REMOVAL

**I.      Timeliness of Removal**

1.     On or about May 25, 2022, *pro se* Plaintiff Raissa Djuissi Kengne ("Plaintiff") instituted this action in the Superior Court of Fulton County, Georgia, Case No. 2022-cv-365268 (the "Action") by filing a Complaint (the "Complaint") against Defendant BDO USA and other named parties.

2.     On June 17, 2022, Plaintiff caused a copy of the summons, Complaint, and exhibits to the Complaint in this action to be served on BDO USA's registered

2

agent by the Sangamon County, Illinois Sherriff's Office. A true and correct copy of the summons, Complaint and its exhibits, which constitutes all of the process and pleadings served on BDO USA in this action, is attached hereto as **Exhibit A**. *See* 28 U.S.C. § 1446(a).[1]

3. Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Accordingly, BDO USA's filing of this Notice of Removal is timely because it is within 30 days of service of the Complaint.

II. **Federal Question**

4. According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over

---

[1] Exhibit A also includes a copy of the Answer and Jury Demand of Defendant Justin Mungal that was filed in the Superior Court of Fulton County as well as an Order regarding Plaintiff's Affidavit and Motion to Proceed *In Forma Pauperis*.

"all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Plaintiff alleges in her Complaint that she was a "whistleblower" that was allegedly subjected to "retaliation," including threats, burglary, computer hacking, phone spoofing and other attacks, on account of her alleged disclosures by all named Defendants. Plaintiff asserts 22 numbered causes of action against each Defendant, including the following claims:

- **Count One:** an alleged violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act - 15 U.S.C. § 78u–6 (Compl. pp. 180-188);

- **Count Two:** an alleged violation of SEC Rule 21F-17(a) of the Dodd-Frank Wall Street Reform and Consumer Protection Act - 17 CFR § 240.21F-17a (*id.* pp. 188-196);

- **Count Three:** an alleged violation of the Sarbanes Oxley Act - 18 U.S.C. §1514A ( *id.* pp. 196 - 205);

- **Count Four:** an alleged violation of Title VII of the Civil Rights Act of 1964 (*id.* at pp. 205 – 214);

- **Count Five:** an alleged violation of Section 11(c) of the Occupational Safety and Health Act (OSH Act) (*id.* at 214 – 224);

- **Count Nine:** alleged tampering with a witness, victim or informant in violation of 18 U.S.C. § 1512 (*id.* at 255 – 266);

- **Count Seventeen:** alleged obstruction of mails in violation of 18 U.S.C. §1701 (*id.* at 339 – 343);

- **Count Eighteen:** alleged obstruction of correspondence in violation of 18 U.S.C. §1702 (*id.* at 344 – 350);

- **Count Nineteen:** alleged violation of telephone number portability - 61 FR 38687 (47 CFR 20, 47 CFR 52) (*id.* at 350 – 353); and

- **Count Twenty:** alleged interference with Plaintiff's access to funds - FINRA Rule 2150 (*id.* at 353 – 357).

7. The Court has original subject matter jurisdiction over this action under its federal question jurisdiction pursuant to 28 U.S.C. § 1331 because, as detailed in the preceding paragraph, many of Plaintiff's claims arise under the laws of the United States.

## III.  Supplemental Jurisdiction

8. Pursuant to 28 U.S.C. §§ 1367(a) and 1441(c), this Court has supplemental jurisdiction over the remaining state law claims, because those claims arise out of the same alleged operative facts as plaintiff's federal legal claims—claims within the original jurisdiction of the Court—such that they "form part of the same case or controversy under Article III of the United States constitution." 28 U.S.C. § 1367(a). For example, much like Plaintiff's claims arising under federal law, each purported state law violation also involves alleged retaliatory behavior by Defendants relating to Plaintiff's purported whistleblowing activities.

9. None of the discretionary exceptions to this Court's exercise of supplemental jurisdiction enumerated in 28 U.S.C. § 1367(c) are present in this case.

## IV. Venue

10. Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 90(a)(2), because this district and division encompass the Superior Court of Fulton County, Georgia, the forum from which the case has been removed.

## V. Joinder or Consent of all Defendants

11. For removal under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C § 1446(b)(2)(A). As detailed below, all 29 Defendants in this matter consent to removal of this Action, regardless of whether they have been properly served or joined as a defendant in this matter.

12. Defendants Wesley Freeman, Scott Meier, Paul Davison, Jason Cuda, Justin Wilkes, Anthony Reh, Peter Popo[2], Marc Davenport[3], and Johnson Wong are all current employees of BDO USA and are represented by undersigned counsel (collectively the "Individual BDO Defendants"). Undersigned counsel affirms that

---

[2] Misnamed in the Complaint as "Peter Poppo."
[3] Misnamed in the Complaint as "Mark Davenport."

the Individual BDO Defendants, without implying or conceding personal jurisdiction or that they were properly joined and served in this matter, join this Notice and consent to removal of this Action.

13. Undersigned counsel affirms that Defendant Justin Mungal[4], without implying or conceding that he was properly joined and served in this matter, joins this Notice and consents to removal of this Action as reflected by the Certification of Consent to Removal attached hereto as **Exhibit B.1**.

14. Undersigned counsel affirms that Defendants Beacon Management Services, LLC, Lisa Simmons, Steven Weibel, Michael Shinners, 1280 West Condominium Association, Micah Kurtzberg, Ronnie Bridges, Brett Dettemering, Michael Shaffer, and Rohan Rupani, without implying or conceding that they were properly joined and served in this matter, join this Notice and consent to removal of this Action as reflected by the Certification of Consent to Removal attached hereto as **Exhibit B.2**.

15. Undersigned counsel affirms that named Defendants Finch McCranie, Michael Sullivan, Walter Jospin (collectively, the "Finch McCranie Defendants"), without implying or conceding that they were properly joined and served in this

---

[4] Plaintiff incorrectly identified Mr. Mungal as a current and/or former BDO USA employee. He has never been employed by BDO USA.

matter, join this Notice and consent to removal of this Action as reflected by the Certification of Consent to Removal attached hereto as **Exhibit B.3**.

16. Undersigned counsel affirms that named Defendant Interface, Inc., without implying or conceding that it was properly joined and served in this matter, joins this Notice and consents to removal of this Action as reflected by the Certification of Consent to Removal attached hereto as **Exhibit B.4**.

17. Undersigned counsel affirms that named Defendants Atlanticus Holdings Corporation and Kas Naderi, without implying or conceding that they were properly joined and served in this matter, join this Notice and consent to removal of this Action as reflected by the Certification of Consent to Removal attached hereto as **Exhibit B.5**.

18. Undersigned counsel affirms that named Defendant SPAR Group, Inc. (NMS SPAR), without implying or conceding it was properly joined and served in this matter, joins this Notice and consents to removal of this Action as reflected by the Certifications of Consent to Removal attached hereto as **Exhibit B.6**.

19. Undersigned counsel affirms that named Defendant BioHorizons Implant Systems, Inc., without implying or conceding it was properly joined and served in this matter, joins this Notice and consents to removal of this Action as

reflected by the Certifications of Consent to Removal attached hereto as **Exhibit B.7**.

## VI. Notice

20. As is required by 28 U.S.C. § 1446(a) and set forth above, true and correct copies of all the process, pleadings, and orders served (or attempted to have been served) upon BDO USA and the other named Defendants are included in the attached **Exhibit A**.

21. Pursuant to 28 U.S.C. § 1446(d), BDO USA will promptly give notice of the filing of this Notice of Removal to all adverse parties and shall file a copy of the notice with the clerk of the Superior Court of Fulton County, Georgia, a copy of which, excluding exhibits, is attached hereto as **Exhibit C**.

## VII. Reservation of Rights

22. Nothing in this Notice of Removal is intended to waive or to prejudice BDO USA's or the Individual BDO Defendants' ability to assert any defenses in this matter, including but not limited to insufficient process (Fed. R. Civ. P. 12(b)(4)) and insufficient service of process ((Fed. R. Civ. P. 12(b)(5)), nor is it intended to waive any defense or affirmative right that BDO USA or the Individual BDO

Defendants have or may have against Plaintiff or any of the allegations set forth in her Complaint.

WHEREFORE, BDO USA and the Individual BDO Defendants hereby remove the Action to this Court.

This 5th day of July 2022.

                                                */s/ Shane Nichols*
                                                Shane Nichols (Georgia Bar No. 542654)

McDermott Will & Emery LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone:  404-260-8553
E-mail:  shanenichols@mwe.com

*Counsel for Defendants BDO USA, LLP; Wesley Freeman; Scott Meier; Paul Davison; Jason Cuda; Justin Wilkes; Anthony Reh; Peter Popo; Marc Davenport; and Johnson Wong*

## **CERTIFICATE OF SERVICE**

This is to certify that on July 5, 2022, I electronically filed the NOTICE OF REMOVAL and Exhibits thereto with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to all counsel of record and via U.S. First Class Mail (with a courtesy copy via e-mail) to the following:

Raissa Djuissi Kengne
570 Piedmont Ave NE, # 55166
Atlanta, Georgia 30308
cianeseya2022@gmail.com

*Pro se Plaintiff*

Per counsel's consent, I emailed a copy
of the foregoing to the following:

Mary M. Weeks
TROUTMAN PEPPER HAMILTON
SANDERS LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Telephone: 404-886-3000
mary.weeks@troutman.com

*Counsel for Atlanticus Holdings
Corporation and Kas Naderi*

Stephen E. Hudson
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA  30309-4528
Telephone: 404-815-6356
shudson@kilpatricktownsend.com

*Counsel for Interface, Inc.*

Lawrence D. Swift
SPAR Group, Inc.
1910 Opdyke Court
Auburn Hills, MI 48326
Telephone: 212-704-6000
ldswift@sparinc.com

*General Counsel, SPAR Group, Inc.*

William Daniel Davis
Ichter Davis, LLC
3340 Peachtree Rd NE #1530
Atlanta GA 30326
Telephone: 404-869-5261
ddavis@ichterdavis.com

*Counsel for Justin Mungal*

Kathryn S. ("Kate") Whitlock
Wood Smith Henning & Berman LLP
1230 Peachtree Street, NE, Suite 925
Atlanta, GA 30309
Telephone:  470-552-1172
kwhitlock@wshblaw.com

*Counsel for Finch McCranie,*
*Michael Sullivan and Walter Jospin*

Jason LoMonaco
Nowack Howard
One Alliance Center, Suite 1650,
3500 Lenox Road NE,
Atlanta GA 30326
Telephone: 770-863-8904
jason@nowackhoward.com

*Counsel for Beacon Management Services, LLC, Lisa Simmons, Steven Weibel, 1280 West Condominium Association, Michael Shinners, Michah Kurtzberg, Ronnie Bridges, Brett Dettmering, Michael Shaffer and Rohan Rupani*

John P. McDonald
Locke Lorde LLP
2200 Ross Ave #2800
Dallas, TX 75201
Telephone: 214-740-8758
jpmcdonald@lockelord.com

*Counsel for BioHorizons Implant Systems, Inc.*

This 5th day of July 2022.

                              */s/ Shane Nichols*
                              Shane Nichols (Georgia Bar No. 542654)