IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAISSA DJUISSI KENGNE,

     Plaintiff,

v.

WESLEY FREEMAN, et al.,

     Defendants.

CIVIL ACTION FILE NO.

1:22-cv-02653-SEG-CMS

## NON-FINAL REPORT AND RECOMMENDATION

## AND ORDER

This case is before the Court on the removal of Plaintiff's complaint to this Court on July 5, 2022 [Doc. 1, Notice of Removal], the filing of multiple motions to dismiss Plaintiff's complaint [Docs. 10, 12, 13, 14, 15, 17, 19], and the defendants' joint motion to stay discovery and pretrial deadlines pending the Court's ruling on the motions to dismiss [Doc. 20].

### I.     Background

On May 25, 2022, Plaintiff Kengne, proceeding pro se, filed the instant lawsuit in the Superior Court of Fulton County, Georgia.  Plaintiff's lawsuit was

removed to this Court on the basis of federal question jurisdiction by Plaintiff's former employer, Defendant BDO USA, LLP ("BDO"), and all other defendants consented to the removal.  [Doc. 1].

Plaintiff's complaint is in the prohibited shotgun format, and asserts twenty-two state and federal claims for relief against twenty-nine named defendants.  The complaint contains 1409 paragraphs and is 374 pages long; it also includes 33 additional pages of requests for disclosures and another 107 pages of exhibits that were filed separately on the same day.  The complaint asserts a hodgepodge of allegations and accusations related to employee retaliation, blacklisting, multiple conspiracies, violations of Title VII, the Dodd-Frank Wall Street Reform and Consumer Protection Act and the Sarbanes Oxley Act, burglary, bribery, invasion of privacy, slander, intimidation, illegal entry and trespass into Plaintiff's condominium unit, violation of Georgia's Anti-SLAPP statute, violations of telephone number portability and computer security, witness tampering, whistleblowing, violations of the attorney-client privilege, mail theft and interference, intentional infliction of emotional distress, and a host of other claims against her former employer BDO, former clients of BDO, various work

2

associates, former attorneys, a condominium association and members of its board of directors, and neighbors.

After removal, and in response, multiple defendants have filed motions to dismiss Plaintiff's complaint due its impermissible shotgun pleading format and failure to state a plausible claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Docs. 10, 12, 13, 14, 15, 17, 19].

## II.   Shotgun Complaint

In reviewing Plaintiff's complaint, as noted above, the Court has determined that the complaint is in the prohibited "shotgun pleading" format.  The Eleventh Circuit has identified four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate each cause of action or claim for relief into a different count; and/or (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland v.*

*Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–22 (11th Cir. 2015).  "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.*

As presently drafted, Plaintiff's complaint is a shotgun pleading under all four categories enumerated by the Eleventh Circuit.  Although the complaint asserts multiple separate counts for relief, each count states that it is asserted "Against All Defendants" even if the specific count on its face does not apply to every defendant, and no specific defendant is identified as having committed the alleged unlawful conduct. For example, actions under Title VII may only be brought against a plaintiff's employer or former employer; but Count Four of the complaint is asserted against "All Defendants," whether or not Plaintiff was ever in an employment relationship with any particular defendant.  Moreover, throughout her complaint, Plaintiff repeatedly divides the defendants into four groups, which she defines collectively as "the Defendants," but she lists herself in Group One, while the remaining Groups Two, Three and Four refer to the actual defendants, but each group contains multiple individuals and/or firms.  [*See, e.g.*, Doc. 1-1 at

4

366].  The complaint contains 180 pages of underlying facts, but then each count for relief "re-alleges and incorporates by reference each and every paragraph of this Complaint and the facts as if set forth here in full for all purposes."  [*See, e.g.*, Doc. 1-1, Compl., Count One, at 185 ¶ 483; *see also* ¶¶ 525, 565, 605, 651, 694, 739, 795, 849, 892, 936, 979, 1038, et seq.].  Thus, it is impossible to determine what facts support the claims that Plaintiff intends to bring against each defendant. As noted above, the complaint contains more than one cause of action.  Each cause of action is a distinct claim that should be supported by a different set of facts.  *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) (condemning as a prohibited shotgun pleading a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims").

In addition, the complaint, as currently drafted, includes numerous screen shots that are completely illegible; it also attaches numerous exhibits without any real explanation of the purpose for which the documents are attached, making it difficult, if not impossible, to file a meaningful response.

The appropriate remedy when a shotgun pleading occurs is for the Court to require the plaintiff to re-plead her claims. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). This is true even if the plaintiff does not ask for the opportunity to re-plead. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (citation omitted). The Eleventh Circuit has stated that "[b]efore dismissing a complaint with prejudice on shotgun-pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018). The Eleventh Circuit has also stated that, "[w]hen it appears that a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice." *Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, '[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'") (citation omitted).

6

In this case, Plaintiff is a pro se litigant, and her complaint was initially drafted and filed in state court, and was subsequently removed to this Court. Thus, it was not drafted in compliance with federal pleading standards. Although Plaintiff did not request leave to file an amended complaint, I find that justice requires that Plaintiff be given an opportunity to do so to provide additional clarifying facts with respect to each of her claims. There will be no prejudice to the defendants if Plaintiff is given this chance to amend. Defendants may file another motion to dismiss, if appropriate, and/or an answer to any amended complaint. Accordingly, I will give Plaintiff an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the pleading standards articulated by the United States Supreme Court and the Eleventh Circuit Court of Appeals.[1]

---

[1] Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although there is no required technical form, "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, Rule 10 requires that each claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

### III.    Pleading Requirements

Federal Rule of Civil Procedure 8 sets forth the pleading standard for a civil action.  FED. R. CIV. P. 8.  Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Although there is no required technical form, "[e]ach allegation must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  At 374 pages, Plaintiff's current complaint is anything but a "short and plain statement" of her claims.  A complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).   Plaintiff's current complaint fails to comply with federal pleading standards, especially Rules 8 and 10 of the Federal Rules of Civil Procedure, and while lengthy, it still fails to provide sufficient detail of the

---

Local Rule 5.1 specifies the type and format required for documents presented to the Court for filing and includes the requirement that documents be double-spaced between the lines and specifies the fonts, margins, and captions required, among other things.  The Federal and Local Rules are available on this Court's website at http://gand.circ11.dcn/ under "Rules, Standing Orders & Forms."

essential facts of her claim(s) and which specific defendant or defendants allegedly were responsible for the misconduct. Thus, the complaint, as currently drafted, in addition to being a shotgun complaint, is also subject to dismissal for failure to state a plausible claim for relief. *See* 28 U.S.C. § 1915(e)(2); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (per curiam).

If Plaintiff elects to file an amended complaint, it must contain a short and plain statement of all her claims against each defendant and must separate each cause of action into a different count. It must be double spaced and in a font and format that complies with Local Rule 5.1, NDGa. Plaintiff must clearly present each claim, identify the facts and acts by each defendant that supports each claim, and identify the legal theories and/or statutes under which she is proceeding. Each allegation must be simple, concise, and direct so as to give each defendant fair notice of what the claims are and the grounds upon which they rest. Each claim must be presented in a separate numbered count, with each paragraph in that count limited to a single set of circumstances. Plaintiff should also remove all conclusory, vague, and immaterial facts from her amended complaint, and any exhibits to which she does not refer in her complaint. Requests for disclosures

9

should likewise be omitted because they are premature and not in compliance with the Federal or Local Rules.  Finally, claims and/or allegations of violations of Georgia criminal statutes that do not include a civil remedy (for example, burglary, O.C.G.A. § 16-4-8, and bribery, O.C.G.A. § 16-10-2), fail to state a valid cause of action and should not be included in an amended complaint.  Nor should there be a claim for attorney's fees.  Plaintiff is proceeding in this matter pro se, and is therefore not entitled to recover attorney's fees. *See Demido v. Wilson*, 261 Ga. App. 165, 582 S.E.2d 151 (2003) ("[a]s a pro se litigant who was not an attorney, Demido was not entitled to recover attorney fees"); *Jar Allah v. Am. Culinary Fed., Inc.*, 242 Ga. App. 595, 596, 529 S.E.2d 919 (2000) ("pro se litigants who are not attorneys cannot recover attorney fees").

## IV.    Filing Deadline

If Plaintiff wishes to pursue this civil action, she must file an amended complaint correcting the aforementioned deficiencies no later than **August 15, 2022.**  Plaintiff is cautioned that the failure to file an amended complaint that conforms with the federal and local rules as outlined above within this timeframe may result in the dismissal of this lawsuit with prejudice.

10

## V.    Orders and Recommendations

The Clerk of Court is **DIRECTED TO STRIKE** Plaintiff's original complaint from the docket [Doc. 1-1] as a prohibited shotgun complaint.

In light of that order, I **RECOMMEND** that the pending motions to dismiss [Docs. 10, 12, 13, 14, 15, 17, 19] be **DENIED AS MOOT** since they are directed at Plaintiff's original complaint, which no longer is the operative pleading before the Court.  *See Bradley v. DeKalb County*, No. 1:10-cv-0218-TWT-GGB, 2010 WL 4639240, at *2 (N.D. Ga. May 17, 2010), adopted by 2010 WL 4638887, at *1 (N.D. Ga. Nov. 4, 2010); *see also ATK Thiokol, Inc. v. United States*, 76 Fed. Cl. 654, 664 (2007) (denying as moot the government's motion to dismiss plaintiff's first amended complaint upon granting motion for leave to file second amended complaint); *Cordell v. Pacific Indem.*, No. 4:05-CV-167-RLV, 2006 WL 1935644, at *4 (N.D. Ga. July 11, 2006) (dismissing as moot defendants' motion for partial summary judgment which was filed prior to the filing of plaintiff's second amended complaint).

For the same or similar reasons, I further **RECOMMEND** that the defendants' joint motion to stay discovery until the Court rules on their motions to

11

dismiss [Doc. 20] be **DENIED AS MOOT**.

Finally, I note that late this afternoon, Plaintiff filed two motions: (1) a motion to remand her case to state court; and (2) a motion to stay all motions to dismiss until the Court rules on Plaintiff's motion to remand. [Docs. 30, 31]. I will **DENY** these motions as moot because I am striking Plaintiff's Complaint and giving her the opportunity to re-plead her claims. If Plaintiff wishes to litigate in state court rather than federal court, she should carefully consider which claims she raises in her amended complaint. By asserting federal claims (including, for example, claims under Title VII, the Dodd-Frank Wall Street Reform and Consumer Protection Act, and other federal claims in Counts One through Five, Nine, and Seventeen through Twenty), she will create federal jurisdiction, and the defendants will be successful in keeping this case in federal court.

12

**SO ORDERED, RECOMMENDED, AND DIRECTED**, this 25th day of July, 2022.

Catherine M. Salinas
United States Magistrate Judge