FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 16 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES COURT OF APPEALS
## IN THE UNITED STATES DISTRIC COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RAISSA DJUISSI KENGNE, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | |
| WESLEY FREEMAN; BDO USA, LLP; SCOTT | § | Civil Action File No. |
| MEIER; PAUL DAVISON; JASON CUDA; | § | 1:22-cv-02653-SEG-CMS |
| JUSTIN WILKES; ANTHONY REH; | § | |
| PETER POPPO; MARK DAVENPORT; | § | (Related Case: |
| | § | 2022CV365268) |
| | § | |
| JOHNSON WONG; JUSTIN MUNGAL, | § | |
| BEACON MANAGEMENT SERVICES, LLC; | § | |
| LISA SIMMONS; STEVEN WEIBEL; | § | |
| 1280 WEST CONDOMINIUM ASSOCIATION; | § | |
| MICHAEL SHINNERS; MICAH KURTZBERG; | § | |
| RONNIE BRIDGES; BRETT DETTMERING; | § | |
| MICHAEL SHAFFER; ROHAN RUPANI, | § | |
| | § | |
| FINCH MCCRANIE; | § | |
| MICHAEL SULLIVAN; WALTER JOSPIN, | § | |
| and | § | |
| | § | |
| INTERFACE, INC.; | § | |
| ATLANTICUS HOLDINGS CORPORATION; | § | |
| SPAR GROUP, INC. (NMS SPAR); | § | |
| BIOHORIZONS IMPLANT SYSTEMS, INC. | § | |
| (an Henry Schein Subsidiary); KAS NADERI, | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

# PLAINTIFF'S APPEAL TO THE NON-FINAL REPORT AND RECOMMENDATION AND ORDER AND TO THE DENIED MOTION TO REMAND

## TABLE OF CONTENTS

APPENDIX TO RAISSA DJUISSI KENGNE'S APPLICATION FOR APPELLATE REVIEW IN COMPLIANCE WITH RULES 30 AND 31 OF THE FEDERAL RULES OF APPELLATE PROCEDURE ................................................................................................................ 8

I.  INTRODUCTION ................................................................................................ 18

II.  LEGAL STANDARD – APPEAL OF THE R&R AND ORDER ........................... 29

III.  LEGAL STANDARD – MOTION TO DISMISS ................................................. 30

IV.  STATEMENT OF THE CASE ............................................................................ 38

V.  ARGUMENTS ENUMERATION OF ERRORS AND CITATION TO AUTHORITY ............ 54

   A.  OBJECTIONS, RESPONSES, AND ARGUMENTS TO STATEMENT OF ANALYSIS 1 – INACCURATE CLAIMS MADE BY JUDGE CATHERINE M. SALINAS IN HER REPORT AND ORDER ........................................................................................................... 54

      i.  Inaccurate and Irrelevant Comment 1 ..................................................................... 54

      ii.  Inaccurate and Irrelevant Comment 2 .................................................................... 55

      iii.  Inaccurate and Irrelevant Comment 3 .................................................................. 56

      iv.  Inaccurate and Irrelevant Comment 4 .................................................................. 58

      v.  Inaccurate and Irrelevant Comment 5 .................................................................... 59

      vi.  Inaccurate and Irrelevant Comment 6 .................................................................. 60

      vii.  Inaccurate and Irrelevant Comment 7 ................................................................. 60

      viii.  Inaccurate and Irrelevant Comment 8 ................................................................ 61

      ix.  Inaccurate and Irrelevant Comment 9 .................................................................. 63

      x.  Inaccurate and Irrelevant Comment 10 .................................................................. 65

      xi.  Inaccurate and Irrelevant Comment 11 ................................................................. 66

      xii.  Inaccurate and Irrelevant Comment 12 ................................................................ 67

      xiii.  Inaccurate and Irrelevant Comment 13 ............................................................... 68

xiv.    Inaccurate and Irrelevant Comment 14.................................................. 68

xv.    Inaccurate and Irrelevant Comment 15.................................................. 70

B.   OBJECTIONS, RESPONSES, AND ARGUMENTS TO STATEMENT OF ANALYSIS 1 - PLAINTIFF'S ORIGINAL COMPLAINT IS NOT A SHOTGUN COMPLAINT:...................... 71

C.   OBJECTIONS, RESPONSES, AND ARGUMENTS TO STATEMENT OF ANALYSIS 2 - DEFENDANTS' MOTIONS TO DISMISS FAIL ON THE MERITS:........................................... 76

   i.    The Court Must Consider the Complaint in Its Entirety when Evaluating a Motion to Dismiss for Failure to State a Claim................................................................................ 77

   ii.    The Complaint is Well-Pled Under Either Rule 8(a) or 9(b): ............................................... 79

D.   OBJECTIONS, RESPONSES, AND ARGUMENTS TO STATEMENT OF ANALYSIS 3 - DEFENDANT'S ALLEGATION THAT "PLAINTIFF'S "WHISTLEBLOWER" FEDERAL STATUTE CLAIMS FAIL (COUNTS 1-5)" SHOULD BE REJECTED ...................................... 83

E.   OBJECTIONS, RESPONSES, AND ARGUMENTS TO STATEMENT OF ANALYSIS 4 - DEFENDANTS' ALLEGATIONS THAT "PLAINTIFF'S REMAINING CLAIMS FAIL" SHOULD BE REJECTED ............................................................................................................. 85

F.   OBJECTIONS, RESPONSES, AND ARGUMENTS TO STATEMENT OF ANALYSIS 5 - ADDRESSING OTHER DEFENDANTS' COMMENTS, WHICH ARE IRRELEVANT TO THE CASE............................................................................................................................................. 86

   i.    Irrelevant and Inaccurate Comment #1: ............................................................................. 86

   ii.    Irrelevant and Inaccurate Comment #2: ............................................................................. 87

   iii.    Irrelevant and Inaccurate Comment #3: .......................................................................... 88

   iv.    Irrelevant and Inaccurate Comment #4: .......................................................................... 88

   v.    Irrelevant and Inaccurate Comment #5: ........................................................................... 89

   vi.    Irrelevant and Inaccurate Comment #6: .......................................................................... 90

   vii.    Irrelevant and Inaccurate Comment #7: ......................................................................... 91

   viii.    The Remaining Irrelevant and Inaccurate Comments:.................................................. 92

VI.    ADDRESSING ALL MOTIONS TO DISMISS.......................................................................... 92

VII.    ARGUMENTS AND CITATIONS TO AUTHORITY ............................................................. 93

   ARGUMENT AND CITATIONS - ONE: ....................................................................................... 93

   ARGUMENT AND CITATIONS - TWO: ...................................................................................... 94

   ARGUMENT AND CITATIONS - THREE: ................................................................................... 96

   ARGUMENT AND CITATIONS - FOUR:..................................................................................... 98

ARGUMENT AND CITATIONS - FIVE:..................................................99

ARGUMENT AND CITATIONS - SIX: ................................................105

ARGUMENT AND CITATIONS - SEVEN:............................................115

ARGUMENT AND CITATIONS - EIGHT:.............................................117

ARGUMENT AND CITATIONS - NINE: ..............................................122

ARGUMENT AND CITATIONS - TEN: ................................................124

ARGUMENT AND CITATIONS - ELEVEN:...........................................127

ARGUMENT AND CITATIONS - TWELVE:...........................................128

VIII.   THE COURT SHOULD DEFER RULING ON DEFENDANTS' MOTIONS TO
DISMISS PENDING THE OUTCOME OF PLAINTIFF'S APPEAL................................130

CERTIFICATION........................................................................131

CONCLUSION ...........................................................................132

CERTIFICATE OF SERVICE..........................................................134

## Cases

2011 WL 2118626 at *4 ...................................................................... 80

375 F.3d at 954 ................................................................................. 76

5 Wright & Miller, Federal Practice and Procedure § 1286 (3d ed. 2004) ................... 77

Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) ..................................... 76

AmSouth Bank v. Dale, 3 86 F. 3d 763, 776-77 (6th Cir. 2004) ......................... 117

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)............................................. 78

Bell Atlantic Corp v. Twombly, 550 U.S. 540, 570 (2007)................................... 30

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)................................. 78

Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 12 (2003)................................. 100

Beneficial Nat'l Bank, 539 U.S. at 8 ...................................................... 117

Bennett v. South West Airlines Co., 484 F.3d 907, 911 (7th Cir. 2007)................... 113

Bennett v. Southwest Airlines Co., 484 F .3d 907, 908 (7th Cir. 2007)................... 107

Bennett, 484 F.3d at 911 .................................................................. 115

Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007) ............ 32

Bradley Timberland Resources v. Bradley Lumber Co., 712 F.3d 401,405 (8th Cir. 2013)........ 15

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)................................... 100

Caterpillar Inc., 482 U.S. at 393 ......................................................... 116

Caterpillar, 482 U.S. at 392 ............................................................................................ 118

City of Oakland v. BP PLC, 969 F.3d at 906 ................................................................... 118

Columbia Gas Transmission, LLC v. Singh, 707 F.3d 583, 590 (6th Cir. 2013) ...................... 110

Columbia Gas, 707 F .3d at 590-91 ................................................................................ 114

Conley v. Gibson, 335 U.S. 41, 48 (1957)......................................................................... 30

Crown v. Raymond, 159 Ariz. 87, 89 (App. 1988) ............................................................ 123

Diaz v. Sheppard, 85 F.3d 1502 (1996)............................................................................. 98

Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996)............................................... 15, 28

Dunlap v. Credit Prot. Ass'n, L.P., 419 F.3d 1011, 1012 n.1 (9th Cir. 2005)........................... 76

Dunn v. Castro, 621 F.3d 1196, 1205n.6 .......................................................................... 77

E & E Co., Ltd. v. Kam Hing Enterprises, Inc., 429 F.App'x 632, 633 (9th Cir. 2011) .............. 80

Eastman, 438 F.3d at 550.............................................................................................. 98

Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) ............................ 79

Empire Healthchoice, 547 U.S. at 682-83 ...................................................................... 109

Empire Healthchoice, 547 U.S. at 700...................................................................... 109, 110

Empire Healthchoice, 547 U.S. at 701.............................................................................. 111

Empire HealthChoice, 547 U.S. at 701........................................................................... 110

Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 21
    n.22 (1983) ............................................................................................................ 99

Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 14, 103 S.Ct. 2841, 77
    L.Ed.2d 420 (1983) .......................................................................................... 105, 129

Franchise Tax Bd., 463 U.S. at 12 ................................................................................. 100

Franchise Tax Bd., 463 U.S. at 9-10............................................................................... 99

Fried v. Sanders, 783 F. App'x 532,536 (6th Cir. 2019)................................................... 106

Fried v. Sanders, 783F. App'x 532,536 (6th Cir. 2019)................................................... 130

Grable, 545 U.S. at 310.............................................................................................. 113

Grable, 545 U.S. at 315....................................................................................... 106, 129

Gunn, 568 U.S. at 258................................................................................................ 106

Gunn, 568 U.S. at 263................................................................................................ 110

Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir.1999)................... 79

Health Plan of Ohio, 701 F.3d 514, 523 (6th Cir. 2012) .................................................. 116

Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 & n.2 (2002)......... 99

Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)................................. 15, 28

In re Cardiac Devices Qui Tam Litig., 221 F.R.D. 318, 333 (D. Conn. 2004)........................... 80

In re Cardiac Devices Qui Tam Litig., 221 F.R.D. at 333 ................................................... 81

In Re Chicken Antitrust Litigation, 560 F. Supp. 1006 (N.D. Ga. 1982)................................ 130

In re Initial Public Offering Sec. Litig., 241 F. Supp. 2d 281, 333 (S.D.N.Y. 2003)............. 31, 55

In the Matter of International Game Technology, File No. 3-17596 (September 29, 2016)........ 90

Iqbal, 129 S.Ct. at 1949 ............................................................................................... 78

Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 883 (9th Cir. 2011) ........................... 76

Magulta v. Samples, 375 F.3d 1269, 1274-75 (11th Cir. 2004) ................................. 77

Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, - U.S.-, 136 S.Ct. 1562, 194 L.Ed.2d 671 (2016) ............................................................................................ 112

Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987) ............................................ 116

Mikulski v. Centerior Energy Corp., 501F.3d 555, 564 (6th Cir. 2007) ................... 116

Mikulski, 501 F.3d at 564 ................................................................................... 116, 117

Mikulski, 501 F.3d at 570 ......................................................................................... 109

Miller v. Bruenger, 949 F.3d 986, 992, 994 (6th Cir. 2020)..................................... 100

Miller v. Bruenger, 949 F.3d 986, 994--95 (6th Cir. 2020)...................................... 116

Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)............ 80

Nessel ex rel. Michigan v. AmeriGas Partners, L.P., 954 F.3d 831, 837 (6th Cir. 2020) ............ 98

Nevada v. Bank of Am. Corp., 672 F.3d 661, 676 (9th Cir. 2012) ............................. 99

New Mexico ex rel. Balderas v. Monsanto Co., 454 F. Supp. 3d 1132, 1152 (D.N.M. 2020)... 118

Ohio ex rel. Skaggs v. Brunner, 629 F.3d527, 531 (6th Cir. 2010)................... 106, 129

Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) ........... 76

Palkow v. CSX Transp., Inc., 431 F.3d 543, 553 (6th Cir. 2005) ............................. 117

Perna v. Health One Credit Union, 983 F.3d 258, 268 (6th Cir. 2020) ....................... 99

Pressl v. Appalachian Power Co., 842 F.3d 299, 305 (4th Cir. 2016)....................... 113

Roddyv. Grand Trunk W. R.R. Inc., 395 F.3d 318,323 (6th Cir. 2005)..................... 115

Rodriguez v. Fed. Deposit Ins. Corp., 140 S. Ct. 713, 717 (2020)............................ 119

SEC v. Kenneth W. Crumbley,16-cv-00172 (N.D. Tex.)(September 13, 2018).......... 90

Taylor v. United Road Services, Inc., 313 F. Supp. 3d 1161 (E.D. Cal. 2018) ........... 97

Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ..................... 77

Tex. Indus.,451 U.S. at 640 ...................................................................................... 119

Twombly, 550 U.S. at 556 ........................................................................................... 78

Twombly, 550 U.S. at 556-57....................................................................................... 30

U.S. ex rel. Tamanaha v. Furukawa America, Inc., 2011 WL 3423788, *2 (9th Cir. Aug. 5, 2011) ............................................................................................................ 79

U.S. ex rel. Tamanaha, 2011 WL 3423788 at *2...................................................... 81

United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) ............................................................................................... 79

United States ex rel. Cafasso, 637 F.3d at 1055 (quoting Ebeid ex rel. United States, 616 F.3d at 998)....................................................................................................... 82

United States ex rel. Franklin v. Parke-Davis, Div. of Warner-Lambert Co., 147 F. Supp. 2d 39, 49 (D. Mass. 2001)............................................................................. 80

United States ex rel. Franklin, 147 F. Supp. 2d at 49 ................................................ 81

United States ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 190 (5th Cir. 2009)........................... 79

United States ex rel. Lee v. SmithKline Beecham, Inc., 245F.3d 1048, 1052 (9th Cir. 2001)..... 81

Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ..................................................................... 100

Warner v. Ford Motor Co., 46 F.3d 531,534 (6th Cir. 1995) .................................................... 115

West Virginia ex rel. McGraw v. CVS Pharmacy, Inc., 646 F.3d 169, 178 (4th Cir. 2011)........ 99

Wilkinson v. Shackelford,478 F.3d 957, 963,67 Fed. R. Serv. 3d 629 (8th Cir. 2007) .............. 15

Williams v. WMX Technologies, Inc.,112 F.3d 175, 178 (5th Cir. 1997).................................. 79

Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006) ......................................... 98

Gunn v. Minton, 568 U.S. 251, 256 (2013) ............................................................................. 98

T.D.S. Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520 (11th Cir. 1985) ........................................ 71

## Statutes

28 U.S. Code § 1331 - Federal question ..................................................................................112

28 U.S. Code § 1367 - Supplemental jurisdiction (Decline to exercise supplemental jurisdiction)...........20

28 U.S. Code § 1441 - Removal of civil actions........................................................................ 18

28 U.S. Code § 1441 - Removal of civil actions - Generally.......................................................98

28 U.S. Code § 1446 - Procedure for removal of civil actions ....................................................96

28 U.S. Code § 1447 - Procedure after removal generally ...................................................18, 19

28 U.S. Code § 1447 - Procedure after removal generally - Motion to Remand Timing ...........98

*51-1-6 - Recovery of damages upon breach of legal duty* ........................................................25

*51-1-8 - Right of Action Arising From Breach of Private Duty*..................................................25

O.C.G.A. 16-2-20 (2022) When a person is a party to a crime ...................................................26

# APPENDIX TO RAISSA DJUISSI KENGNE'S APPLICATION FOR APPELLATE REVIEW IN COMPLIANCE WITH RULES 30 AND 31 OF THE FEDERAL RULES OF APPELLATE PROCEDURE

| EXHIBIT REFERENCE | CASE FILE REFERENCE | DOCUMENT TITLE |
|---|---|---|
| Exhibit 1A | DOC. 1 | 2022CV365268 – ORIGINAL COMPLAINT – Related Case |
| Exhibit 1B | DOC. 1 | 2022CV365268 - NOTICE OF FILING – Related Case |
| Exhibit 2 | DOC. 2 | Defendant Justin Mungal's Answer to Plaintiff's Original Complaint |
| Exhibit 3 | DOC. 1 | Notice of Removal By All Defendants |
| Exhibit 4 | DOCS. 31, 35 | Notice to Remand By Plaintiff Raissa Djuissi Kengne |
| Exhibit 5 | DOCS. 31, 35 | Motion to Remand By Plaintiff Raissa Djuissi Kengne |
| Exhibit 6 | DOCS. 31, 35 | Brief In Support of Remand By Plaintiff Raissa Djuissi Kengne |
| Exhibit 7 | DOC. 35 | Exhibits to Motion to Remand By Plaintiff Raissa Djuissi Kengne |
| Exhibit 8 | DOC. 10 DOC. 14 | Motion to Dismiss – Defendant BDO USA, LLP Motion to Dismiss – BDO's Partners and Employees |
| Exhibit 9 | DOC. 17 | Motion to Dismiss – Defendant Atlanticus Holdings Corporation |
| Exhibit 10 | DOC. 13 | Motion to Dismiss – Defendant Interface, Inc. |
| Exhibit 11 | DOC. 12 | Motion to Dismiss – Defendant Beacon Management Services, Defendant 1280 West Board, and Defendants that are part of the 1280 West Board Members |
| Exhibit 12 | DOC. 19 | Motion to Dismiss – Defendant BioHorizons Implant Systems |
| Exhibit 13 | DOC. 32 | Motion to Dismiss – Defendant Spar Group, Inc. (NMS SPAR) |
| Exhibit 14 | DOC. 20 | Motion to Stay with Brief In Support by 1280 West Condominium Association, Atlanticus Holdings Corporation, BDO USA, LLP, Beacon Management Services, LLC, BioHorizons Implant Systems, Inc., Ronnie Bridges, Jason Cuda, Mark Davenport, Paul Davison, Brett Dettmering, Wesley Freeman, Interface Inc., Walter Jospin, Micah Kurtzberg, Finch McCranie, Scott Meier, Justin Mungal, Kas Naderi, Peter Poppo, Anthony Reh, Rohan Rupani, Michael Shaffer, Michael Shinners, Lisa Simmons, Michael Sullivan, Steven Weibel, Justin Wilkes, Johnson Wong. |
| Exhibit 15 | DOC. 30 | MOTION to Staying all motions to dismiss by Raissa Djuissi Kengne. |
| Exhibit 16 | DOCS. 33, 34 | Non-Final Report And Recommendation And Order By Judge Catherine M. Salinas |
| Exhibit 17 | DOC. 38 | Plaintiff's Response And Objections To The Non-Final Report And Recommendation And Order |
| Exhibit 18 | DOC. 38 | Exhibits to Plaintiff's Response And Objections To The Non-Final Report And Recommendation And Order |
| Exhibit 19 | N/A | CIVIL DOCKET FOR CASE #: 1:22-cv-02653-SEG-CMS |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF, RAISSA DJUISSI KENGNE, Applicant, asks this Court as follows:

(1)     To issue an order granting the applicant an appeal from the order of the United States District Court for the Northern District of Georgia, Atlanta Division, Honorable Catherine M. Salinas, presiding, in the case styled Raissa Djuissi Kengne, Plaintiff, v. Wesley Freeman, BDO USA, LLP, Scott Meier, Et. Al., Defendants, Case No. 1:22-cv-02653-SEG-CMS, this order having held:

  •     that Plaintiff's Original Complaint be struck from the docket [Doc. 1-1] as a prohibited shotgun complaint (DIRECTED and ORDERED);

  •     FURTHER ORDERED, that Plaintiff's Motion to Remand her case to state court and Motion to stay all motions to dismiss until the Court rules on Plaintiff's Motion to Remand be DENIED as MOOT.

  •     The order was entered on July 25th, 2022 and stamped "filed" on July 26th, 2022.

(2)    Applicant shows that jurisdiction is proper in this Court because the courts of appeals have jurisdiction of appeals pursuant to 28 U.S. Code § 1295 - Jurisdiction of the United States Court of Appeals for the Federal Circuit.

(3)    This application for appeal is filed within 30 days of the entry of the order, decision, or judgment complained of.

(4)    Copies of all necessary documents have been attached to this application as exhibits, including a copy of the order being appealed, a copy of the Plaintiff's Original Complaint and the Notice of Filing, a copy of Defendant Justin Mungal's Answer to Plaintiff's Original Complaint, a copy of the Notice of Removal, a copy of the Notice and Motion to Remand By Plaintiff Raissa Djuissi Kengne, a copy of the Brief In Support of Remand By Plaintiff Raissa Djuissi Kengne, a copy of the Exhibits to the Motion to Remand By Plaintiff Raissa Djuissi Kengne, a copy of the various Motions to Dismiss filed by the Defendants, a copy of the Non-Final Report And Recommendation And Order By Judge Catherine M. Salinas (the "R & R" or the "Report"), a copy of Plaintiff's Response And Objections To The Non-Final Report And Recommendation And Order issued by Judge Catherine M. Salinas, and a copy

of the Exhibits to Plaintiff's Response And Objections To The Non-Final Report And Recommendation And Order.

(5) Appellate review, by right, is needed because the Court erred in its decision to deny Plaintiff's Motion to Remand. Furthermore, appellate review is needed because Judge Catherine M. Salinas did not review Plaintiff's Motion to Remand and Brief in Support with due diligence prior to issuing her Report as she herself stated in her Report and Order "I note that late this afternoon, Plaintiff filed two motions .... I will DENY these motions..." [DOC. 33 at 11], which Plaintiff believes shows a haste in issuing the inappropriate Report and Orders. Furthermore, Judge Catherine M. Salinas's Report was solely based on Defendants' Joint Motion of Removal and Motions to Dismiss and did not allow Plaintiff to respond to Defendants' Motions to Remove as allowed by law. Judge Catherine M. Salinas' Report and Order were issued prior to the deadline to file a motion to remand (30 days) and when Plaintiff did so, Judge Salinas disregarded Plaintiff's arguments and still issued her rushed Report advocating on behalf of the Defendants.

(6) Applicant submits that an appeal should be granted to correct reversible errors of law based on the following:

a) the Motion to Remove and the Motions to Dismiss were not filed in a timely manner [DOC. 31 at 37-42].

b) defendant waived the right to removal by filing counterclaim and seeking affirmative relief in state court [DOC. 31 at 36-37].

c) Defendants have the burden of establishing Federal Court jurisdiction [DOC. 31 at 21-22].

d) the United States District Court for the Northern District of Georgia Atlanta Division lacks subject matter jurisdiction over the claims alleged against the Defendants [DOC. 31 at 22-25].

e) Defendants cannot establish jurisdiction under the "substantial federal question" exception to the well-pleaded complaint rule [DOC. 31 at 26-32].

- No federal issue necessarily raised by the state's claims [DOC. 31 at 26-27].

- None of the federal issues raised by defendants through their attorneys is substantial [DOC. 31 at 27-30].

- Moving this case to federal court would disrupt the congressionally approved balance of judicial responsibilities [DOC. 31 at 31-32].

f) the Defendants' allegations and reasons for the Motion to Remove under the "Federal Question" and the "Supplemental Jurisdiction" and the Motions to Dismiss under Rule 8(a)(2) or Rule 10(b), or both (complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings.") are without merits [DOC. 38 at 45-57].

- The court must consider the complaint in its entirety when evaluating a motion to dismiss for failure to state a claim [DOC. 38 at 51-53].

- Plaintiff's Original Complaint is well-pled under either rule 8(a) or 9(b), or 10(b) [DOC. 38 at 53-57].

- Because all the Defendants have referred to arguments within BDO USA, LLP's Motion to Dismiss, Plaintiff's responses are applicable to each one of the Defendants' Motions to Dismiss [DOCS. 10, 12, 13, 14, 15, 17, 19, 32].

g) Defendant's allegation that "plaintiff's "whistleblower" federal statute claims fail (counts 1-5)" should be rejected because their arguments are inaccurate. [DOC. 38 at 57-59].

h) Defendants' allegations that "plaintiff's remaining claims fail" should be rejected because their arguments are inaccurate [DOC. 38 at 59-60].

i) Several misinterpreted information in the filings, which were not the facts presented by Plaintiff

- Examples of misrepresented information made by Judge Catherine M. Salinas [DOC. 38 at 8-23].

- Examples of misrepresented information made by the Defendants [DOC. 38 at 60-66].

- **There are so many misrepresentations made by both the Defendants and by Judge Catherine M. Salinas across the various Defendants' Motions to Dismiss and Judge Catherine M. Salinas' Report and Order that it will take Plaintiff more than the allowed number of pages to list and respond to all of them. <u>Plaintiff can do so, if the Court allows it or deems it necessary.</u>**

j) lack of review with due diligence by Judge Catherine M. Salinas of the arguments presented by Plaintiff in her Motion to Remand and Brief in Support. Judge Catherine M. Salinas herself stated in her Report and Order "I note that late this afternoon, Plaintiff filed two motions .... I will DENY these motions...", which shows a haste in issuing the inappropriate Report and Orders. [DOC. 33 at 12] Furthermore, Judge Catherine M. Salinas's Report was solely based on Defendants' Joint Motion of Removal and Motions to Dismiss and did not allow Plaintiff to respond to Defendants' Motions to Remove as allowed by law. Judge Catherine M. Salinas' Report and Order were issued prior to the deadline to file a motion to remand (30 days) and when Plaintiff did so, Judge Salinas disregarded Plaintiff's arguments and still issued her rushed Report advocating on behalf of the Defendants.

k) a court must strictly construe the removal statutes in favor of remand and against removal[1]. Hunter v. Philip Morris USA, 582 F.3d 1039,

---

[1] Bradley Timberland Resources v. Bradley Lumber Co., 712 F.3d 401,405 (8th Cir. 2013); Wilkinson v. Shackelford,478 F.3d 957, 963,67 Fed. R. Serv. 3d 629 (8th Cir. 2007)

1042 (9th Cir. 2009); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996);

Applicant respectfully shows that if this Honorable Court declines the appeal of this matter and the trial court's ruling will be permitted to stand, such would be a miscarriage of justice because Plaintiff's rights under the following laws and statutes would have been violated and Plaintiff damages would not have been redressed:

- Count Five: the **Georgia state plan** of Section 11(c) of the Occupational Safety and Health Act;
- Count Six: O.C.G.A. 9-11-11.1 Anti-SLAPP Statute;
- Count Seven: O.C.G.A. 15-19-4 Violation of Duties of Attorney;
- Count Eight: O.C.G.A. 24-9-24 Violation of Client's Communications To Attorney Privileged;
- Count Ten: O.C.G.A. §16-10-93 Influencing Witness;
- Count Eleven: O.C.G.A. 16-4-8 Conspiracy to Commit Crime;
- Count Twelve: O.C.G.A. §§ 16-9-90 16-9-94 Violations of Computer Crimes Laws;
- Count Thirteen: O.C.G.A. §§ 16-9-150 16-9-157 Violations of Computer Security Laws;

- Count Fourteen: O.C.G.A. §16-10-2 Bribery;

- Count Fifteen: O.C.G.A. 16-7-1 Burglary;

- Count Sixteen: O.C.G.A. 16-8-24, Theft By Possession of Stolen Mail;

- Count Twenty-One: Georgia tort law Intentional Infliction of Emotional Distress;

- Count Twenty- Two: Attorney's **Or** Per Se's Fees and Expenses;

The remaining claims in Plaintiff's Original Complaint [Doc. 1] are not the primary grounds for Plaintiff's Original Complaint. The gravamen of Plaintiff's Complaint is the inhuman retaliation practices that she faced upon reporting the SEC regulations, PCAOB standards, and AICPA standards violations, which also happen to be against the law. The remaining counts included in Plaintiff's Original Complaint are listed below and they constitute the reasons why Plaintiff was retaliated against and the forms the retaliation took. It just happens that the forms of the retaliation are per se illegal.

- Count One: Violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act;

- Count Two: Violation of Commission Rule 21F-17(a) of the Dodd-Frank Wall Street Reform and Consumer Protection Act;

- Count Three: Violation of the Sarbanes Oxley Act ("SOX") Act l8 U.S.C. §1514A;

- Count Four: Violation of Title VII of the Civil Rights Act of 1964

- Count Nine: Tampering with witness, victim, or an informant 18 U.S. Code 1512;

- Count Seventeen: Obstruction of Mails Generally 18 U.S. Code 1701;

- Count Eighteen: Obstruction of Correspondence 18 U.S. Code 1702;

- Count Nineteen: Violation of Telephone Number Portability 61 FR 38687 (47 CFR 20, 47 CFR 52) (CC Docket No. 95-116, FCC 96-286); and

- Count Twenty: Interference With Plaintiff's Access To Funds.

If e-filed, this submission does not exceed the word count limit imposed by Rule 24.

## I.   INTRODUCTION

Applicant Raissa Djuissi Kengne ("Appellant") seeks to reverse the order denying Plaintiff's motion to remand [DOCS. 31, 35] and the Non-Final Report And Recommendation and Order issued by Judge Catherine M. Salinas [DOCS. 33, 34].

Plaintiffs' motion to remand is brought pursuant to 28 U.S. Code§ 1441 and 28 U.S. Code § 1447 and supporting case law on the grounds that 1) the United

States District Court for the Northern District of Georgia Atlanta Division lacks subject matter jurisdiction over the claims alleged against the Defendants; 2) the Defendants' allegations and reasons for the Motion to Remove under the "Federal Question" and the "Supplemental Jurisdiction" are without merits; 3) a defendant waived the right to removal by filing a counterclaim and seeking affirmative relief in state court; 4) the application for removal was not timely filed; 5) a court must strictly construe the removal statutes in favor of remand and against removal[2].

A motion to remand a case based on lack of subject matter jurisdiction may be made by any party at any time, or the issue can be raised sua sponte by the court.

A motion to remand based on "any defect other than lack of subject matter jurisdiction" such as failing to meet the filing, timeliness, or unanimity requirements of removal-must be filed within 30 days after the filing of the notice of removal with the federal court. Plaintiff's motion to remand is well within this timeframe.

Courts agree that other grounds for remand, such as abstention, interpretation of forum selection clauses, and supplemental jurisdiction are not considered

---

[2] Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

"defects" for purposes of 28 U.S. Code§ 1447(c), and therefore the 30-day limitation does not apply.

Remands made under 28 U.S. Code§ 1447(c) (lack of subject matter jurisdiction or a non-jurisdictional defect) usually result in the entire case being sent back to state court. There are, however, circumstances in which partial remand is proper. First, where the federal claims forming the basis for removal jurisdiction are dismissed before trial, the federal district court has discretion under Section 1367(c) to adjudicate the remaining state law claims or remand the claims to state court[3]. **Second, district courts may decline to exercise supplemental jurisdiction over a state law claim if the state law claim** "raises a novel or complex issue of state law" **or "substantially predominates over the claim or claims over which the court has original jurisdiction."** Third, Section 1367(c) includes a catchall provision

---

[3] See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 352-53, 108 S. Ct. 614, 98 L. Ed. 2d 720, 43 Ed. Law Rep. 879, 45 Fair Empl. Prac. Cas. (BNA) 1163, 2 I.E.R. Cas. (BNA) 1473,45 Empl. Prac. Dec. (CCH) P 37667, 9 Fed. R. Serv. 3d 993 (1988); Garges v. People's Light & Theatre Co., 529 Fed. Appx. 156, 164 (3d Cir. 2013), judgment entered, 20Wage & HourCas. 2d (BNA) 1531,2013 WL 3455818 (3d Cir. 2013); Fields v. Wharrie, 672 F.3d 505,518 (7th Cir. 2012); Koch v. City ofDel City, 660F.3d 1228, 1236 (10th Cir. 2011); Gamel v. City of Cincinnatt 625 F.3d 949,951 (6th Cir. 2010); Borough of West Mifflin v. Lancaster,45 F.3d 780,788 (3d Cir. 1995). See Chapter 1, "Subject Matter Jurisdiction" (§§ 1: 1 et seq.) for more on courts' discretion to exercise supplemental jurisdiction.

For example, declining supplemental jurisdiction may be appropriate where retaining the case would necessitate the federal court to review a novel state act before the state's highest court first had the opportunity. See Arizonans for Official English v. Arizona, 520 U.S. 43, 79, 117 S. Ct. 1055, 1074, 137 L. Ed. 2d 170, 69 Empl. Prac. Dec. (CCH) P 44508 (1997); see also Oneida Indian Nation of New York v. MadisonCounty,665 F.3d 408, 438-39 (2dCir. 2011).

permitting the court to decline the exercise of supplemental jurisdiction in "exceptional circumstances."

Because the right of removal is a creature of statute, the statutory removal procedures are to be strictly construed by the court in favor of remand, resolving all doubts against removal[4]. This construction results from the fact that federal courts are courts of limited jurisdiction and removal implicates significant federalism concerns[5]. Upon a motion for remand, the defendant that removed the case bears the burden of establishing that the case is within the federal court's removal jurisdiction, and that the procedural requirements for removal have been met[6].

---

[4] Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 123 S. Ct. 366, 154 L. Ed. 2d368 (2002); Lutherv. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034, Fed. Sec. L. Rep. (CCH) P 94777 (9th Cir. 2008); Rincon Del soi LLC v. Lloyd's of London, 709 F. Supp. 2d 517, 520 (S.D. Tex. 2010). This principle is a strong one. See Mays v. City of Flint, Mich., 871 F.3d 437 (6th Cir. 2017) (invoking the presumption against removal in a case where the state-officer defendants removed the case under the federal-officer statute, claiming that they were acting under the direction of the federal EPA). One exception to this principle is in the context of the Class Action Fairness Act, where "no anti removal presumption" exists. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547,554, 190 L. Ed. 2d495 (2014). See§ 17:19.

[5] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34 (4th Cir. 2008); University of South Alabama v. American Tobacco Co., 168 F.3d 405,43 Fed. R. Serv. 3d 74 (11th Cir. 1999); Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 382-83 (S.D. N.Y. 2006).

[6] See Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002) ("The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress. These statutory provisions for removal are to be strictly construed." (citations and internal quotation marks omitted)); Hunter v. Philip Morris USA, 582 F.3d 10 39, 1042, Prod. Liab. Rep. (CCH) P 18295 (9th Cir. 2009) (noting that the strong presumption against removal means that the defendant always has the burden of establishing that removal is proper); Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 758, 74 Fed. R. Serv. 3d 429 (7th Cir. 2009) ("The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."); Benson v. Family Health Center Inc., 339 Fed. Appx. 486,487 (5th Cir. 2009); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192,200 (4th Cir. 2008); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

To determine whether the removal to federal court was proper, district courts look to the state complaint, or any "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[7]." The district court is required to resolve all doubts about federal jurisdiction in favor of remand[8].

Plaintiff also detailed in her Motion to Remand and Brief in Support her arguments for remand [DOCS. 31, 35], and to avoid repeating the same arguments is only providing the references in this instrument.

(1)   the Motion to Remove and the Motions to Dismiss were not filed in a timely manner [DOC. 31 at 37-42].

(2)   defendant waived the right to removal by filing counterclaim and seeking affirmative relief in state court [DOC. 31 at 36-37].

(3)   Defendants have the burden of establishing Federal Court jurisdiction and have not done so[DOC. 31 at 21-22].

---

[7] 28 U.S.C.A. § 1446(b)(3); see also Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019) (explaining that in assessing whether removal was proper, courts should ask whether the original plaintiff not any counterclaiming plaintiff-could have filed its "operative complaint"in federal court); Tropp v. WesternSouthern Life Ins. Co., 381 F.3d 591,595 (7th Cir. 2004) (diversity); Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 10-11 (1st Cir. 2004) (federal question).

[8] Bradley Timberland Resources v. Bradley Lumber Co., 712 F.3d 401,405 (8th Cir. 2013); Wilkinson v. Shackelford,478 F.3d 957, 963,67 Fed. R. Serv. 3d 629 (8th Cir. 2007)

(4)    the United States District Court for the Northern District of Georgia, Atlanta Division, lacks subject matter jurisdiction over the claims alleged against the Defendants [DOC. 31 at 22-25].

(5)    Defendants cannot establish jurisdiction under the "substantial federal question" exception to the well-pleaded complaint rule [DOC. 31 at 26-32].

      i.    No federal issue was necessarily raised by Plaintiff's claims [DOC. 31 at 26-27].

      ii.    None of the federal issues raised by Defendants through their attorneys is substantial [DOC. 31 at 27-30].

      iii.    Moving This Case To Federal Court Would Disrupt The Congressionally Approved Balance of Judicial Responsibilities [DOC. 31 at 31-32].

(6)    the Defendants' allegations and reasons for the Motion to Remove under the "Federal Question" and the "Supplemental Jurisdiction" and the Motions to Dismiss under Rule 8(a)(2) or Rule 10(b), or both (complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often

disparagingly referred to as "shotgun pleadings.") are without merits for the reasons listed below[DOC. 38 at 45-57].

    i.   The court must consider the complaint in its entirety when evaluating a motion to dismiss for failure to state a claim [DOC. 38 at 51-53].

    ii.   The complaint is well-pled under either rule 8(a) or 9(b), or 10(b) [DOC. 38 at 53-57].

    iii.   Because all the Defendants have referred to arguments within BDO USA, LLP's Motion to Dismiss instead of building their own defenses, Plaintiff's responses are applicable to each one of the Defendants' Motions to Dismiss [DOCS. 10, 12, 13, 14, 15, 17, 19, 32].

(7)    Defendants' allegation that Plaintiff's "whistleblower federal statute claims fail (counts 1-5)" should be rejected [DOC. 38 at 57-59)] because the arguments made by the Defendants are inaccurate. Plaintiff has proven that she is a whistleblower by submitting a TCR form and by proving she was constructively discharged as a result. Plaintiff does not have to exhaust the administrative remedies in order to bring a lawsuit against the

Defendants. Plaintiff's claim was filed within the 180-day statute of limitations. Defendants' claim that "Plaintiff's § 1514A claim is barred by the applicable 180-day statute of limitations." is wrong. Plaintiff was constructively discharged on November 18th, 2022 and filed a claim with OSHA before the deadline. Whether BDO was notified within 180 days by OSHA, this is another matter and not relevant to the application of the law. Plaintiff's case is mainly a retaliation case emanating from Plaintiff reporting a fraud. Retaliation cases and therefore, Plaintiff's case, can be tried in state courts under Georgia tort laws and under OSHA Georgia State Plan.

(8)   Defendants' allegations that "Plaintiff's remaining claims fail" should be rejected [DOC. 38 at 59-60] because the arguments made by the Defendants are inaccurate. Claims asserted by Plaintiff are worded to communicate to the Court the complicit liability of the Defendants in committing the crimes. Also, Plaintiff's claims are based on criminal statutes that **do** create a private right of action. Furthermore, all criminal statutes included in Plaintiff's Original Complaint create private rights of action, expressed and/or implied. The claims raised by Plaintiff fall within tort law, which is a Georgia state law. Georgia law, under O.C.G.A. 9-2-8(b), allows

Plaintiff to bring a lawsuit against Defendants based on implied rights of action. Section 9-2-8(b) reads as follows:

> *(b) Nothing in subsection (a) of this Code section shall be construed to prevent the breach of any duty imposed by law from being used as the basis for a cause of action under any theory of recovery otherwise recognized by law, including, but not limited to, theories of recovery under the law of torts or contract or for breach of legal or private duties as set forth in Code Sections 51-1-6 and 51-1-8 or in Title 13.*

(9)    The Defendants have claimed that some counts do not apply to them; this is not accurate. For example, certain 1280 West Board Members and BDO Partners are not attorneys. Counts 7 and 8 relate to Violations of Duties of Attorney under O.C.G.A. 15-19-4 and Violation of Client's Communications to Attorney Privileged (O.C.G.A. 24-9-24), respectively. Nevertheless, all counts are held "Against All Defendants". <u>This is **not** a mistake.</u> Because the Defendants are complicit and conspired together to commit the crimes asserted by Plaintiff, Plaintiff has chosen, and **by law is allowed to**, present the facts and hold all counts against all Defendants, by

asserting the complicity or accomplices' liability[9]. Complicity is the act of helping or encouraging another individual to commit a crime. It is also commonly referred to as aiding and abetting. The concept of accomplice liability means that an accomplice faces the same degree of guilt and punishment as the individual who committed the crime. Plaintiff has an implied right of action as well as a cause of action according to the negligence per se law in the state of Georgia.

(10)   misinterpreted information, which were not the facts presented by the Plaintiff

    i.   Examples of misrepresented information made by Judge Catherine M. Salinas [DOC. 38 at 8-23].

    ii.  Examples of misrepresented information made by the Defendants [DOC. 38 at 60-66].

---

[9] O.C.G.A. 16-2-20 (2022) When a person is a party to a crime

(a) Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime.

(b) A person is concerned in the commission of a crime only if he:

(1) Directly commits the crime;

(2) Intentionally causes some other person to commit the crime under such circumstances that the other person is not guilty of any crime either in fact or because of legal incapacity;

(3) Intentionally aids or abets in the commission of the crime; or

(4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime.

    **iii.**    **There are so many misrepresentations made by both the Defendants and by Judge Catherine M. Salinas across the various Defendants' Motions to Dismiss and Judge Catherine M. Salinas' Report and Order that it will take Plaintiff more than the allowed number of pages to list and respond to all of them. <u>Plaintiff can do so, if the Court allows it or deems it necessary.</u>**

(11)    lack of review with due diligence by Judge Catherine M. Salinas of the arguments presented by Plaintiff in her Motion to Remand and Brief in Support. Judge Catherine M. Salinas herself stated in her Report and Order "I note that late this afternoon, Plaintiff filed two motions .... I will DENY these motions...", which shows a haste in issuing inappropriate Report and Orders. [DOC. 33 at 12] Furthermore, Judge Catherine M. Salinas's Report was solely based on Defendants' Joint Motion of Removal and Motions to Dismiss and did not allow Plaintiff to respond to Defendants' Motions to Remove as allowed by law. Judge Catherine M. Salinas' Report and Order were issued prior to the deadline to file a motion to remand (30 days) and when Plaintiff

did so, Judge Salinas disregarded Plaintiff's arguments and still issued her rushed Report advocating on behalf of the Defendants.

(12) a court must strictly construe the removal statutes in favor of remand and against removal. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996);

To summarize, Plaintiff Raissa Djuissi Kengne has satisfied all the requirements for her case to be remanded to the Fulton County Superior Court of the State of Georgia, and therefore, her Motion to Remand supported by her Brief should be granted.

## II.   LEGAL STANDARD – APPEAL OF THE R&R AND ORDER

Plaintiffs' appeal of the Non-Final Report and Recommendation and Order is brought pursuant to 28 U.S. Code § 1294 - Circuits in which decisions reviewable, which states as follows:

> *"Except as provided in sections 1292(c), 1292(d), and 1295 of this title, appeals from reviewable decisions of the district and territorial courts shall be taken to the courts of appeals as follows:*
> *(1) From a district court of the United States to the court of appeals for the circuit embracing the district;*

*(2) From the United States District Court for the District of the Canal Zone, to the Court of Appeals for the Fifth Circuit;*
    *(3) From the District Court of the Virgin Islands, to the Court of Appeals for the Third Circuit;*
    *(4) From the District Court of Guam, to the Court of Appeals for the Ninth Circuit. "*

The Report by Judge Catherine M. Salinas was filed on July 26th, 2022. Plaintiff filed a Response in Objection on August 8th, 2022. Plaintiff is filing the appeal on August 15th, 2022. The appeal is, therefore, filed within the time allowed.

## III.   LEGAL STANDARD – MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 335 U.S. 41, 48 (1957)[10] (emphasis added)[8]; see also Fed. R. Civ. P. 12(b)(6); Bell Atlantic Corp v. Twombly, 550 U.S. 540, 570 (2007). A motion under Rule 12(b)(6) merely tests the legal sufficiency of a complaint, requiring a court to construe the complaint liberally, assume all facts as true, and draw all reasonable inferences in favor of the plaintiff.

---

[10] Conley v. Gibson - 355 U.S. 41, 78 S. Ct. 99 (1957). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Twombly, 550 U.S. at 556-57. A complaint should never be dismissed because the court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein. Id. In cases such as this, which include claims for fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires a more particular standard a complaint must meet, providing that:

"[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Contrary to what is seemingly advocated in Defendants' Motions to Dismiss [Docs. 10, 12, 13, 14, 15, 17, 19] Rule 9(b) does not raise the pleading standard to the level required to survive a motion for summary judgment or to prevail at trial, requiring Plaintiff to actually prove all material issues of its case; instead, **Plaintiff need only set forth the particular facts of the fraud, which at this stage must be accepted as true, to survive a motion for dismissal of the Original Complaint.**

Moreover, Defendants repeatedly state throughout their Motions to Dismiss that the Complaint is vague and lacking in detail. To begin, this is no ground for dismissal under Rule 12(b)(6). See In re Initial Public Offering Sec. Litig., 241 F. Supp. 2d 281, 333 (S.D.N.Y. 2003). If Defendants truly believed that the clarity of

pleadings were deficient, they should have moved for a more definite statement under Rule 12(e) and requested that Plaintiff set forth more detail.

Tellingly, they did not; the Complaint is sufficiently clear and detailed and Defendants' arguments to the contrary must be disregarded.

Plaintiff's Original Complaint particularly states facts that support each element of Plaintiff's claims and thus withstands Defendants' Motions to Dismiss. Plaintiff has set forth detailed allegations that fulfill each and every pleading requirement under 9(b) as suggested by the Seventh Circuit, answering the "who, what, when, where, and how" of the fraud. Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007). The table below illustrates how each of these questions are addressed in the Complaint.

| Who? | Wesley Freeman; BDO USA, LLP; Scott Meier; Paul Davison; Jason Cuda; Justin Wilkes; Anthony Reh; Peter Poppo; Mark Davenport; Johnson Wong; Justin Mungal;<br><br>Beacon Management Services, LLC ("Beacon Management"); Lisa Simmons; Steven Weibel; 1280 West Association, Inc.; Michael Shinners;<br><br>Micah Kurtzberg; Ronnie Bridges; Brett Dettmering; Michael Shaffer; Rohan Rupani; | Complaint ¶¶79-208 |

| | | |
|---|---|---|
| | Finch McCranie; Michael Sullivan; Walter Jospin;<br><br>Interface, Inc. ("Interface"); Atlanticus Holdings Corporation ("Atlanticus"); Spar Group, Inc. (NMS Spar or "NMS"); BioHorizons Implant Systems, Inc. (an Henry Schein Subsidiary) ("BioHorizons"); and Kas Naderi. | |
| What? | Plaintiff reported several violations of SEC regulations, PCAOB Standards, the Antitrust law, and circumvention of the law prohibiting employers from asking about an applicant's pay history in the state of Georgia. Plaintiff reported the violations of SEC regulations, PCAOB Standards, and AICPA Standards to her then Supervisors Defendants Wesley Freeman and Scott Meier, BDO Human Resources ("HR") Department, as well as the SEC, PCAOB, and AICPA. The misconduct happened at BDO USA, LLP. Plaintiff was retaliated against. Her home was broken into, her life and her family's lives were threatened, and her computers and phones were hacked and spoofed. The attorney firm, Finch McCranie, that Plaintiff hired disclosed the content of their conversation to Defendant BDO USA, LLP and its Partners and agents including Defendants Scott Meier, Wesley Freeman, Paul Davison, Jason Cuda, Justin Wilkes, Anthony Reh, Peter Poppo, Mark Davenport, Johnson Wong, and Justin Mungal (as a self-acknowledged employee or agent of BDO USA, LLP and a 1280 West condominium | See Section "III. STATEMENT OF RELEVANT FACTS" Complaint ¶¶219-482 Complaint ¶¶28-31 Complaint ¶36 |

| | | |
|---|---|---|
| | homeowner who lives across from Plaintiff).<br><br>Defendant Mungal harassed Plaintiff by knocking on her door at different times of the day and night. Defendant Mungal also returned Plaintiff's USCIS immigration letter that Plaintiff needed in order to become a US citizen that he "accidentally" received while telling Plaintiff he was waiting for her to come home.  Defendant Mungal did not deny these facts.<br><br>Plaintiff's Original Complaint was purposefully worded, written, and ordered in the way it is in order to highlight the fact that the Defendants are accomplices and have conspired to intentional harm Plaintiff. Defendants were aware of each other crimes, committed the crimes, encouraged and assisted in the commission of the crime, as well as failed to prevent it. | |
| When? | BDO USA and Wesley Freeman's violations of SEC regulations, PCAOB standards, and AICPA standards span over several years, including 2017, 2018, 2019, 2020, and 2021. Wesley Freeman has not denied the facts when Plaintiff informed him of the lack of testing done within the workpapers as well as the facts that significant deficiencies and material weaknesses were not reported.<br><br>Plaintiff started being retaliated against when she signed her contract with her former attorneys Finch McCranie in June of 2020. Finch McCranie had already communicated | Complaint ¶219<br>Complaint ¶257, 259, 260, 285, 287, 288, 289, 296, 297, 298-301, 319, 321, 322, 323, 345, 347, 348, 349, 351<br>Complaint ¶¶376, 377, 381, 386, 390, 392<br>Complaint ¶396,<br>Complaint ¶408<br>Complaint ¶ ¶409-410<br>Complaint ¶ ¶413-417<br>Complaint ¶ ¶426-427<br>Complaint ¶ ¶435-437<br>Complaint ¶ ¶445 |

| | |
|---|---|
| to BDO the attorney-client privileged conversations they had with Plaintiff.<br><br>BDO, its Partners, and certain members of management at BDO got into contact with the 1280 West Board members and some residents in the 1280 West Condominium building in order to facilitate the burglary in Plaintiff's unit. The 1280 West Management building has a copy of Plaintiff's key on file, which is required by the 1280 West Condominium Bylaws.<br><br>The first noticeable burglary occurred when Plaintiff was meeting with her attorneys in their offices in Downtown Atlanta, GA. However, it was not the first and only time Plaintiff's home was burglarized.<br><br>Furthermore, clients retaliated against Plaintiff when she requested relevant documentation to perform the work. Some clients went so far as to issue veil and direct threats to Plaintiff as she was performing the audits.<br><br>Other clients engaged in more subtle retaliation such as <u>unusually</u> delaying the submission of documents and refusing to respond to inquiry related to evidence that was tested. These clients included Interface, Atlanticus, NMS SPAR, and BioHorizons.<br><br>Elbert Jenkins, VP of IT at BioHorizons purposefully delayed meetings and refused to | Complaint ¶ ¶465<br>Complaint ¶ ¶468-469<br>Complaint ¶ ¶474-475 |

attend meetings until Plaintiff started recording her arrival time at the virtual meetings and sending Mr. Jenkins emails to let him know she was waiting in the meeting.

While working on NMS SPAR's 2021 IT Audit, Plaintiff noted that files from her BDO issued laptop were being deleted and Edward Burdekin with whom Plaintiff was conducting the IT walkthroughs had mentioned "Dollar General" with emphasis several times and had specifically chosen this client, among all their clients. The day before, Plaintiff was at a Dollar General store for the first time. With all the retaliatory practices that Plaintiff was facing, it is not plausible that Mr. Burdekin mentioned, by coincidence, the specific store that Plaintiff visited the day before, among all of NMS SPAR's client.

Defendant Mungal repeatedly told Plaintiff he worked for BDO USA and was knocking on Plaintiff's door at different times of the day and night.

**It is impossible that the coordination and timing of the attacks at work and at home that Plaintiff was subjected to are mere coincidences, mainly after signing a contract with the unethical attorneys who violated the client-attorney privilege communications and after Plaintiff voiced her disapproval of the fraud covering the**

| | | |
|---|---|---|
| | **audit engagements she was managing at BDO.** | |
| Where? | Plaintiff faced retaliation at work and at home. | Complaint ¶¶15, 17, 18, 21-23, 27, 33, 34, 35 |
| How? | BDO USA, BDO Partners, and certain members of its management leveraged their relationship with the 1280 West Board members and residents of the 1280 West building in order to gain access to Plaintiff's unit. Similarly, BDO's clients have communicated with the other defendants, knowingly and intentionally, coordinating the burglary and harassment at Plaintiff's home. The 1280 West Management building has a copy of Plaintiff's key on file in the management office. Defendant Mungal has, in several instances, told Plaintiff he was working for BDO and Plaintiff noted that he was spying on her. Clients have threatened Plaintiff over the phone in the presence of Scott Meier, IT Audit Principal. Clients have delayed, more than usual, the submission of evidence to Plaintiff as well as repeatedly postponed the meetings or cancelled business meetings subject to deadlines and therefore, Plaintiff's performance evaluation. | Complaint ¶¶376-379, 394, 397, 400, 409-411, 416-423, 424-428, 435-437, 448-451,453, 460, 470-472, 474-475 |

These allegations establish the essential elements for each count in the Complaint. Because Plaintiff has met the pleading requirements articulated in Rule 9(b), Plaintiff's complaint is **not** a shotgun complaint, Defendants' Motions to

Dismiss must be denied and the case should be remanded to the Fulton County Superior Court of Georgia.

## IV.   STATEMENT OF THE CASE

Plaintiff reported several violations of SEC regulations, PCAOB Standards, the Antitrust law, and circumvention of the law prohibiting employers from asking about an applicant's pay history in the state of Georgia. Plaintiff reported the violations of SEC regulations, PCAOB Standards, and AICPA Standards to her then Supervisors Defendants Wesley Freeman and Scott Meier, BDO Human Resources ("HR") Department, as well as the SEC, PCAOB, and AICPA. The misconduct happened at BDO USA, LLP. Plaintiff was retaliated against. Her home was broken into, her life and her family's lives were threatened, and her computers and phones were hacked and spoofed. The attorney firm, Finch McCranie, that Plaintiff hired disclosed the content of their conversation to Defendant BDO USA, LLP and its Partners and agents including Defendants Scott Meier, Wesley Freeman, Paul Davison, Jason Cuda, Justin Wilkes, Anthony Reh, Peter Poppo, Mark Davenport, Johnson Wong, and Justin Mungal (as a self-acknowledged employee or agent of

BDO USA, LLP and a 1280 West condominium homeowner who lives across from Plaintiff).

The following individuals and entities are responsible for allowing unauthorized individuals to break into her home in order to facilitate the harassment and retaliation perpetuated by BDO USA, LLP: a) Beacon Management Services, b) Lisa Simmons, c) Steven Weibel, (d) Michael Shinners, e)1280 West Condominium Association, f) 1280 West Board of Directors (Micah Kurtzberg, Ronnie Bridges, Michael Shaffer, Brett Dettmering, and Rohan Rupani).

1.   Plaintiff filed a Complaint in Fulton County Superior Court on May 25th, 2022. The retaliation translated into the following adverse actions taken against Plaintiff:

- Disciplining – Plaintiff provided in the lawsuit number 2022CV365268 filed in Fulton County Superior Court evidence of an improper disciplined action that BDO Human Resources had to waive after Plaintiff's successfully waived it [Doc. 1, Original Complaint, ¶¶ 36,.423]

- Intimidation or harassment – Plaintiff reported a burglary at her home. Information related to the burglary has also been

included in the lawsuit number 2022CV365268 filed in Fulton County Superior Court [Doc. 1, Original Complaint, at 322-333].

- Making threats – Plaintiff documented instances when Partners and other members of management have issued direct and veiled threats to her in the lawsuit number 2022CV365268 filed in Fulton County Superior Court. These threats as presented were not taken out of context as alleged by the Defendants through their attorneys [Doc. 1, Original Complaint, at 224-233, 267-276].

- Actions affecting prospects for promotion - Wesley Freeman provided bad reviews to Plaintiff for several consecutive evaluation periods preventing Plaintiff from been promoted despite having one of the highest utilization rate and billable hours in the Atlanta office and nationally for several review periods. Other employees with similar or lower utilization rates have been promoted several times during the same tenure Plaintiff had at BDO USA, LLP [Doc. 1, Original Complaint, ¶¶447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 943, 1004, 1005].

•   <u>More subtle actions, such as isolating, ostracizing,
or falsely accusing the employee of poor performance</u> – In the lawsuit
number 2022CV365268 filed in Fulton County Superior Court,
Plaintiff has documented instances when Defendant Wesley Freeman
has improperly exerted his influence in order to encourage junior
associates to propagate lies about Plaintiff and display an antagonistic
attitude towards Plaintiff and has added false review comments as part
of a somewhat "good" review comments, which ultimately prevented
Plaintiff from being promoted in the many review periods. Promotions
are not only on a yearly basis at BDO USA, LLP. [Doc. 1, Original
Complaint; ¶¶15, 16, 17, 230, 350, 420, 421, 447, 448, 449, 450, 451,
452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 490,
501, 502, 503, 504, 943, 1004, 1005].

•   <u>Blacklisting</u> – Plaintiff has documented in the
lawsuit number 2022CV365268 filed in Fulton County Superior Court,
the difficulties she has had with finding another job at parity with her
qualifications due to being blacklisted from the industry by BDO USA,

LLP, its agents, and the Defendants on the case. [Doc. 1, Original Complaint, ¶505].

- Constructive discharge – In the lawsuit number 2022CV365268 filed in Fulton County Superior Court, Plaintiff asserts that the retaliation was not only at work, but also at home due to the fact that her home was burglarized, her computers were hacked, evidence pertaining to the whistleblower case she had had been deleted from a flash drive in her safe. Furthermore, Plaintiff's family's and her lives had been threatened by Partners and other members of the management team as detailed in the lawsuit number 2022CV365268 filed in Fulton County Superior Court. [Doc. 1, Original Complaint, ¶¶465, 466, 474-482].

- Intentional infliction of emotional distress – the Defendants' atrocious actions, which are described in Plaintiff's 407-page Complaint, were willful and done with the purpose to humiliate and scare Plaintiff. The Defendants' actions were extreme, went beyond all possible bounds of decency and utterly intolerable in a civilized community, and caused Plaintiff to experience intentional

infliction of emotional distress. Defendants through their attorneys have tried to minimize and laugh at Plaintiff's assertions in their inaccurate and irrelevant Motions to Dismiss and have failed to address the actual facts of the Complaint and the legal claims. It remains that Plaintiff's claims are factual and based on evidence, which are presented in the Complaint that Defendants' attorneys misinterpreted in an attempt to mislead the Court. Defendants are responsible for the extreme and outrageous conduct, which caused Plaintiff's distress. [Doc. 1, Original Complaint, at 358-367].

2. Plaintiff refused to commit fraud and was targeted for it by the BDO Defendants, which include, Defendants BDO USA, LLP, Scott Meier, Wesley Freeman, Paul Davison, Jason Cuda, Justin Wilkes, Anthony Reh, Peter Poppo, Mark Davenport, Johnson Wong, and Justin Mungal (as a self-acknowledged employee or agent of BDO USA, LLP and a 1280 West condominium homeowner who lives across from Plaintiff). The BDO Defendants learned that Plaintiff was filing an SEC complaint in different ways, but also from Plaintiff's former attorneys Finch McCranie, Michael Sullivan, and Walter Jospin. In order to find out what evidence Plaintiff had

and to try to prevent Plaintiff from sharing the evidence she obtained legally with the relevant authorities, BDO utilizes the "1280 West Defendants" with whom Plaintiff already had an adverse relationship in order to illegally gain access to Plaintiff's home.        The BDO Defendants have conspired with the "1280 West Defendants" comprised of Beacon Management Services, LLC, Lisa Simmons; Steven Weibel, 1280 West Condominium Association, Inc., Michael Shinners, Micah Kurtzberg, Ronnie Bridges, Brett Dettmering, Michael Shaffer, and Rohan Rupani who facilitated the burglary at Plaintiff's home. Furthermore, the "BDO Clients Defendants" comprised of BioHorizons Implant Systems, Atlanticus Holding Corporation, Interface, and NMS SPAR have also participated in the retaliation against Plaintiff by refusing to meet with Plaintiff during walkthroughs, delaying more than usual the submission of evidence required for the audits, and in some instances flat out threatening Plaintiff during business calls. Defendant Scott Meier (IS Assurance Principal) was present when the threats were issued to Plaintiff during business meetings.

3.        This action in court is not primarily a whistleblower case; a whistleblower case may significantly fall under Federal statutes. This action

is primarily a retaliation case by an employer with a principal place of business in the State of Georgia, Fulton County, and its agents who are also residents of the State of Georgia. The retaliation occurred, **FIRST,** because Plaintiff continuously raised concerns with the fact that Defendant Wesley Freeman did not audit public engagements as per the SEC regulations and PCAOB standards and did not audit the private clients as per the American Institute of Certified Public Accountants (AICPA) standards. The retaliation occurred, **SECOND,** because Plaintiff filed a whistleblower claim with the SEC and the PCAOB related to the public engagements.

4.      The issues related to the violations of SEC regulations, PCAOB standards, and AICPA standards are **not** a question of divergence in professional opinions due to the fact that 1) the SEC, PCAOB, and AICPA have issued clear guidance on the regulations that are the subject matter of the cause of retaliation and that were applicable to the public and private engagements conducted by Defendant Wesley Freeman as an employee of BDO USA, LLP; 2) BDO hired Defendant Scott Meier (IS Assurance Principal), who told Plaintiff and his management that the audits were not conducted appropriately; 3) BDO had started to alter the reporting process

related to the issues with the audit work performed for the public and private clients when Plaintiff was constructively discharged; 4) Plaintiff's professional evaluation of the issues with the audit work at BDO is supported by SEC regulations, PCAOB standards, and AICPA regulations.

5.     The lawsuit filed by Plaintiff in Fulton County Superior Court was **not** filed because of the SEC regulations, PCAOB standards, and AICPA standards violations. **The lawsuit was filed because of the retaliation and harassment that led to Plaintiff's constructive discharge and the burglary at Plaintiff's home**.

6.     Twelve out of twenty-two (12 out of 22) claims against the Defendants are based solely on state law; the remaining claims are derivatives from the Georgia state laws claims. The counts that are been held against the Defendants pertaining to state law in Georgia are listed below.

a.     <u>Count Five</u> - Violation of section 11(c) of the Occupational Safety and Health Act. There is a difference between federal and state OSHA plans. According to Section 18 of the Occupational Safety and Health Act of 1970, states can administer their own job safety and health programs. These are also called State Plans.

Plaintiff's OSHA complaint, which is one of **the primary** grounds for

the Complaint (from the lawsuit number 2022CV365268 filed in Fulton

County Superior Court) falls under the laws of the State of Georgia and

Plaintiff's complaint filed with OSHA was filed in the State of Georgia

and investigated under the State Plan of Georgia. Therefore, the United

States District Court for the Northern District of Georgia does not have

original subject matter jurisdiction over this action under its federal

question jurisdiction pursuant to 28 U.S.C. § 1331 because, as detailed

in the preceding paragraph, Plaintiff's claims arise under the laws of

the State of Georgia.

Furthermore, retaliation is a tort under the laws of the state of

Georgia. A workplace tort is a civil wrong committed within the workplace

that can give rise to an employee's cause of action against an employer.

Similarly, the United States District Court for the Northern District of Georgia

does not have original subject matter jurisdiction over this action under its

federal question jurisdiction pursuant to 28 U.S.C. § 1331 because, as detailed

in the preceding paragraph, Plaintiff's claims arise under the laws of the State

of Georgia. It follows that Judge Catherine M. Salinas should have remanded the case to the State Court.

               b.      Count Six - Violation of the Anti-SLAPP Statute under O.C.G.A. 9-11-11.1. The United States District Court for the Northern District of Georgia does not have original subject matter jurisdiction over this action under its federal question jurisdiction pursuant to 28 U.S.C. § 1331 because, as detailed in the preceding paragraph, Plaintiff's claims arise under the laws of the State of Georgia.

               c.      Count Seven: Violation of Duties of Attorney under O.C.G.A. 15-19-4. The United States District Court for the Northern District of Georgia does not have original subject matter jurisdiction over this action under its federal question jurisdiction pursuant to 28 U.S.C. § 1331 because, as detailed in the preceding paragraph, Plaintiff's claims arise under the laws of the State of Georgia.

               d.      Count Eight: Violation of Client's Communications To Attorney Privileged (O.C.G.A. 24-9-24). The United States District

Court for the Northern District of Georgia does not have original subject matter jurisdiction over this action under its federal question jurisdiction pursuant to 28 U.S.C. § 1331 because, as detailed in the preceding paragraph, Plaintiff's claims arise under the laws of the State of Georgia.

e.      Count Ten: Influencing Witness under O.C.G.A. §16-10-93. The United States District Court for the Northern District of Georgia does not have original subject matter jurisdiction over this action under its federal question jurisdiction pursuant to 28 U.S.C. § 1331 because, as detailed in the preceding paragraph, Plaintiff's claims arise under the laws of the State of Georgia.

f.      Count Eleven: Conspiracy to Commit Crime under O.C.G.A. 16-4-8. The United States District Court for the Northern District of Georgia does not have original subject matter jurisdiction over this action under its federal question jurisdiction pursuant to 28 U.S.C. § 1331 because, as detailed in the preceding paragraph, Plaintiff's claims arise under the laws of the State of Georgia.