FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**AUG 17 2022**

KEVIN P. WEIMER, Clerk
By *Paul Thep* Deputy Clerk

# IN THE UNITED STATES DISTRIC COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RAISSA DJUISSI KENGNE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| WESLEY FREEMAN; BDO USA, LLP; SCOTT | § | Civil Action File No. |
| MEIER; PAUL DAVISON; JASON CUDA; | § | 1:22-cv-02653-SEG-CMS |
| JUSTIN WILKES; ANTHONY REH; | § | |
| PETER POPPO; MARK DAVENPORT; | § | |
| JOHNSON WONG; JUSTIN MUNGAL, | § | |
| | § | |
| BEACON MANAGEMENT SERVICES, LLC; | § | |
| LISA SIMMONS; STEVEN WEIBEL; | § | |
| 1280 WEST CONDOMINIUM ASSOCIATION; | § | |
| MICHAEL SHINNERS; MICAH KURTZBERG; | § | |
| RONNIE BRIDGES; BRETT DETTMERING; | § | |
| MICHAEL SHAFFER; ROHAN RUPANI, | § | |
| FINCH MCCRANIE; | § | |
| MICHAEL SULLIVAN; WALTER JOSPIN, | § | |
| and | § | |
| INTERFACE, INC.; | § | |
| ATLANTICUS HOLDINGS CORPORATION; | § | |
| SPAR GROUP, INC. (NMS SPAR); | § | |
| BIOHORIZONS IMPLANT SYSTEMS, INC. | § | |
| (an Henry Schein Subsidiary); KAS NADERI, | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

# PLAINTIFF'S MOTION TO STAY THE CASE AND BRIEF IN

# SUPPORT

## TABLE OF CONTENTS

PROCEDURAL POSTURE ...................................................................................3

ARGUMENT AND CITATION OF AUTHORITY.................................................5

CONCLUSION....................................................................................................7

CERTIFICATE OF SERVICE .............................................................................8

**Cases**

Griggs v. .............................................................................................................6

Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191,
   1198 (11th Cir. 2009)....................................................................................6

Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 401, 74 L. Ed.
   2d 225 (1982)..............................................................................................6

Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.,
   895 F.2d 711, 713 (11th Cir. 1990) .............................................................6

**Statutes**

28 U.S. Code § 1441 - Removal of civil actions .......................................................3

28 U.S. Code § 1447 - Procedure after removal generally.........................................3

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFF, RAISSA DJUISSI KENGNE ("Plaintiff" or "Whistleblower") files this Motion To Stay The Case And Brief In Support pursuant to 28 U.S. Code § 1441 and 28 U.S. Code § 1447. For the reasons set forth in this instrument, Plaintiff respectfully requests that this Court stay the case.

In order to avoid the potentially unnecessary cost and burden of litigation, Plaintiff moves that this case including their answers be stayed pending a ruling on Plaintiff's Appeal.

## PROCEDURAL POSTURE

Plaintiff Raissa Djuissi Kengne filed the Original Complaint on May 25th, 2022, in Fulton County Superior Court State of Georgia as a retaliation case under the laws of the state of Georgia (doc. 1).

Defendant Justin Mungal through his attorney filed an answer with jury demand on July 17th, 2022 in Fulton County Superior Court (Doc. 2).

Defendant BDO USA, LLP filed a notice of removal on July 5th, 2022.

On July 12th, 2022 and July 13th, 2022, Defendants filed various motions to dismiss (Docs. 10, 11, 12, 13, 14, 15, 16, 17, 19, 20).

On July 25th, 2022, Plaintiff Raissa Djuissi Kengne filed a Motion to Remand.

Shortly, thereafter, on July 25th, 2022,Plaintiff Raissa Djuissi Kengne filed a Motion to Stay all motions to dismiss.

Defendant NMS SPAR (Spar Group, Inc.) filed its motion to dismiss for failure to state a claim on July 25th, 2022.

Simultaneous on July 25th, 2022, Judge Catherine M. Salinas issued the following recommendations and orders:

- REPORT AND RECOMMENDATION that the pending motions to dismiss [Docs. 10 , 12 , 13 , 14 , 15 , 17 , 19 ] be denied as moot since they are directed at Plaintiff's original complaint, which no longer is the operative pleading before the Court. Further recommended that the defendants' joint motion to stay discovery until the Court rules on their motions to dismiss [Doc. 20 ] be denied as moot. finally, noted that late this afternoon, Plaintiff filed two motions: (1) a motion to remand her case to state court; and (2) a motion to stay all motions to dismiss until the Court rules on Plaintiff's motion to remand. [Docs. 30 , 31 ]. Denied these motions as moot because struck Plaintiff's Complaint and giving her the opportunity to re-plead her claims. The Clerk of Court is DIRECTED TO STRIKE Plaintiff's original complaint from the docket [Doc. 1 -1] as a prohibited shotgun complaint.

- ORDER denying (Doc. 30) Motion to Stay; denying (Doc. 31) Motion to Remand to State Court.

- ORDER for Service of (Doc. 33) Report and Recommendation,

On July 26th, 2022, Plaintiff Raissa Djuissi Kengne filed a notice of filing for exhibits.

On August 5th, 2022, Plaintiff Raissa Djuissi Kengne filed a Response and Objections to Doc. 33 Report and Recommendation and objected to the R&R and order being adopted to the extent it recommends that 1) Plaintiff's Complaint be dismissed and struck from the record, 2) Plaintiff's Motion to Remand and Brief in Support be denied or Not approved, 3) Plaintiff's motion to stay all motions to dismiss until the Court rules on Plaintiff's motion to remand be denied or Not approved, 4) All Defendants' Motions to Dismiss be approved or Not denied.

Plaintiff Raissa Djuissi Kengne filed a Notice of Appeal of the Court's order on August 16th, 2022.

Plaintiff Raissa Djuissi Kengne now seeks to stay the case pending the outcome of the appeal.

## ARGUMENT AND CITATION OF AUTHORITY

The Supreme Court has explained that "a federal district court and a federal

court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional

significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 401, 74 L. Ed. 2d 225 (1982).

As the Eleventh Circuit has explained, once a notice of appeal has been filed, the "district court retains only the authority to act in aid of the appeal, to correct clerical mistakes, or to aid in the execution of a judgment that has not been superseded." Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc., 895 F.2d 711, 713 (11th Cir. 1990).

Moreover, Rule 26(d) of the Federal Rules of Civil Procedure provides the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." Fed. R. Civ. P. 26(d).

Further, federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency. See, e.g., Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009) (approving district court's decision to stay case pending appeal in another case that was "likely to have a substantial or controlling effect on the claims and issues

in the stayed case"). As any decision from the Court of Appeals will have profound impact on the development of this case and because it is in the interests of efficiency and justice, this Court should exercise its discretion this case and relieve the parties from having to exert additional resources pending a ruling on Plaintiff's appeal.

This case does not involve novel questions related to the constitutionality of a state statute. As part of the review related to the appeal, the Circuit Court of Appeals will necessarily be required to examine the viability of Plaintiffs' claims for her motion to remand. As such the issues on appeal bear directly on the further adjudication of this case before this Court.

The issues in the pending appeal mirror the issues remaining in this court and Plaintiff believes that in the interest of judicial economy, and a desire to conserve the resources of the parties that a stay of the case is warranted.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court stay this matter until the appeal is adjudicated.


(Signature page follows)

Dated: August 17th, 2022

Respectfully submitted,

Raissa Djuissi Kengne
Pro Se

Physical Address:

1280 W. Peachtree ST NW. Unit 2109

Atlanta, GA 30309

Telephone: (404) 932-1651

Email: cianeseya2022@gmail.com

Mailing Address:

570 Piedmont Ave. NE #55166

Atlanta, GA 30308

State of Georgia
County of Fulton

This instrument was acknowledged before me this 17th day of August (month), 2022 (year), by Raissa Djuissi Kengne (name of signer).

_____ Personally Known
_____ Produced Identification

Type and # of ID - Driver's License # 055491430

(Seal)

Jocelyn Algarin
NOTARY PUBLIC
Cobb County, GEORGIA
My Commission Expires 03/08/2026

(Signature Notary)

Name of Notary Typed, Stamped or Printed)
Notary Public, State of Georgia

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 17th, 2022, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system, in compliance with Local Rules, with courtesy copies to the email addresses listed below.

| Shane Nichols McDermott Will & Emery LLP<br><br>E-mail:<br>shanenichols@mwe.com<br><br>Counsel for Defendants BDO USA, LLP, Wesley Freeman, Scott Meier, Paul Davison, Jason Cuda, Justin Wilkes, Anthony Reh, Peter Popo, Marc Davenport, Johnson Wong. | Kathryn S. ("Kate") Whitlock Wood Smith Henning & Berman LLP<br>E-mail:<br>kwhitlock@wshblaw.com<br><br>Counsel for Finch McCranie, Michael Sullivan and Walter Jospin | Jason LoMonaco Nowack Howard<br><br>E-mail:<br>jason@nowackhoward.com<br>Counsel for Beacon Management Services, LLC, Lisa Simmons, Steven Weibel, 1280 West Condominium Association, Michael Shinners, Micah Kurtzberg, Ronnie Bridges, Brett Dettmering, Michael Shaffer and Rohan Rupani |
| --- | --- | --- |
| Mary M. Weeks Troutman Sanders LLP<br><br>E-mail:<br>mary.weeks@troutman.com<br><br>Counsel for Atlanticus Holdings Corporation and Kas Naderi. | John P. McDonald Locke Lorde LLP<br><br>E-mail:<br>jpmcdonald@lockelord.com   Counsel for BioHorizons Implant Systems, Inc. | Stephen E. Hudson Kilpatrick Townsend & Stockton LLP<br><br>E-mail:<br>shudson@kilpatricktownsend.com   Counsel for Interface, Inc. |

| | |
|---|---|
| Lawrence D. Swift SPAR Group, Inc. | William Daniel Davis Ichter Davis, LLC |
| E-mail: ldswift@sparinc.com | E-mail: ddavis@ichterdavis.com |
| General Counsel, SPAR Group, Inc. | Counsel for Justin Mungal |

Respectfully submitted,



Raissa Djuissi Kengne

Pro Se

| Mailing Address: | Physical Address: |
|---|---|
| 570 Piedmont Ave. NE #55166 | 1280 W. Peachtree ST NW. Unit 2109 |
| Atlanta, GA 30308 | Atlanta, GA 30309 |
| Telephone: (404) 932-1561 | |
| cianeseya2022@gmail.com | |