UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAISSA DJUISSI KENGNE,

    Plaintiff,

    v.

WESLEY FREEMAN, et al.,

    Defendants.

CIVIL ACTION NO.

1:22-CV-2653-SEG-CMS

## **O R D E R**

This case is before the Court on the Magistrate Judge's Non-Final Report & Recommendation and Order ("R&R" and "Order") dated July 25, 2022 (Doc. 33), and Supplemental Non-Final R&R ("Supplemental R&R") dated July 28, 2022 (Doc. 36).  In the R&R and Order, the Magistrate Judge struck Plaintiff Raissa Djuissi Kengne's complaint as a shotgun pleading, recommended denying the Defendants' motions to dismiss as moot, and denied Plaintiff's motion to remand to state court.

Ms. Kengne filed an objection to the R&Rs (Doc. 38), and Defendants filed replies.[1]  (Doc. 46, 49.)  Ms. Kengne also filed an appeal of the July 25, 2022, Order (Doc. 39), and a motion to stay the case pending the outcome of

---

[1] Suggestions of death upon the record have been filed as to Defendants Wesley Freeman (Doc. 47) and Michael Shinners (Doc. 48).

that appeal. (Doc. 42.)  Following a careful review of the parties' briefing and the record in this case, the Court determines that Ms. Kengne's motion to remand was due to be denied.  The Court further adopts the R&Rs and dismisses this case because Ms. Kengne's 407-page complaint was, indeed, an impermissible shotgun pleading, and Ms. Kengne has not complied with the Magistrate Judge's direction to file an amended complaint.

## I.    Background

Ms. Kengne filed a complaint on May 25, 2022, in the Superior Court of Fulton County against 29 defendants.  (Doc. 1-1.)  The basis of the complaint are events that allegedly occurred after Ms. Kengne, a former Information Technology ("IT") Audit Manager at the Atlanta office of Defendant BDO USA, LLP ("BDO"), notified her supervisor Defendant Wesley Freeman of issues with IT audits that she contends constituted fraud on the part of BDO. The complaint is 407 pages and has an additional 106 pages of exhibits. There are 22 counts alleging violations of federal, state, and criminal laws. Each count is brought against all 29 defendants.

BDO removed the case to federal court on July 5, 2022, with the consent of all defendants.  (Doc. 1.)  Shortly thereafter, Defendants filed motions to dismiss the complaint. (Doc. 10, 12, 13, 14, 15, 17, 19.)  Twenty-seven of the defendants jointly filed a motion to stay discovery and all pre-

trial deadlines pending the Court's ruling on the motions to dismiss. (Doc. 20.) On July 25, 2022, Ms. Kengne filed a motion to remand the case (Doc. 31) and a motion seeking to stay a ruling on the motions to dismiss pending a ruling on her motion to remand (Doc. 30).

On that same day, July 25, the Magistrate Judge issued a Non-Final R&R and Order. (Doc. 33.) The Order struck the complaint as an impermissible shotgun pleading. (*Id.* at 11.) After explaining the deficiencies in the complaint, the Magistrate Judge gave Ms. Kengne an opportunity to file an amended complaint by August 15, 2022. Ms. Kengne was "cautioned that failure to file an amended complaint that conforms with the federal and local rules as outlined . . . within this timeframe may result in the dismissal of this lawsuit with prejudice." (*Id.* at 10.) Because the operative pleading was stricken from the record, the Magistrate Judge recommended that the pending motions to dismiss and the joint motion to stay discovery and pre-trial deadlines be denied as moot. In the same document, the Magistrate Judge also denied Ms. Kengne's motion to remand and denied as moot her motion to stay a ruling on the motions to dismiss. (*Id.* at 12.)

Also on July 25, 2022, Defendant Spar Group, Inc. filed its motion to dismiss. (Doc. 32.) Because Spar Group's motion was not addressed in the July 25 R&R and Order, the Magistrate Judge issued a Supplemental R&R

3

on July 28, 2022, recommending that Spar Group's motion also be denied as moot.  (Doc. 36.)

On August 5, 2022, Ms. Kengne filed a 70-page objection to the Magistrate Judge's R&Rs and Order.  (Doc. 38.)  Before this Court issued a ruling on her objection, Ms. Kengne filed an appeal of the July 25 R&R and Order to the Eleventh Circuit Court of Appeals.  (Doc. 39.)  She also filed a motion to stay this case pending the outcome of that appeal.  (Doc. 42.)  On September 22, 2022, the Court of Appeals issued an order dismissing Ms. Kengne's appeal for want of prosecution.  (Doc. 50 at 2.)

## II.   Legal Standards

### A.   Review of the Magistrate Judge's R&Rs

To challenge the findings and recommendations of the Magistrate Judge, a party must file with the Clerk of Court written objections which "shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis of the objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989).  If timely and proper objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  The district judge must "give fresh consideration to those issues to which specific

objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).  The district judge reviews legal conclusions de novo, even in the absence of an objection.  *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).  "[T]he district court will review those portions of the R&R that are not objected [to] under a clearly erroneous standard." *Liberty Am. Ins. Group, Inc. v.  WestPoint Underwriters, L.L.C.,* 199 F.Supp.2d 1271, 1276 (M.D. Fla. 2001).  After conducting a careful review of the findings and recommendations, a district judge may accept, reject, or modify the Magistrate Judge's R&R.  28 U.S.C. § 636(b)(1); *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010).

**B.     Review of the Magistrate Judge's Order**

Federal Rule of Civil Procedure 72(a) states that a party may file objections to a Magistrate Judge's non-dispositive order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Clear error is a "highly deferential standard of review," and a finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005).

## III.   Discussion

Ms. Kengne objects to the Magistrate Judge's Order denying her motion to remand and striking her complaint as an impermissible shotgun pleading.  She further objects to the Magistrate Judge's recommendation to deny the motions to dismiss as moot.  The Court addresses each issue in turn.

### A.    Plaintiff's objection to the Magistrate Judge's order denying the motion to remand

Ms. Kengne argues that the Magistrate Judge "issued a Report on a case that should never have been removed to this Court." (Doc. 38 at 19.) She contends that the removal to federal court was improper because (1) it was untimely, (2) Defendant Munger waived his right to removal by filing an answer and counterclaim in state court, and (3) Plaintiff's claims do not arise under federal law.  (*Id.* at 21-22.)  As such, Ms. Kegne's motion to remand challenged the Defendants' removal of this case both on procedural grounds and due to alleged absence of subject matter jurisdiction.[2]  For the reasons that follow, the Court finds that the motion to remand was properly denied.

---

[2] Ms. Kengne's motion to remand was timely, having been filed 20 days after removal.  *See* 28 U.S.C. § 1447(c) (requiring that a motion to remand made on the basis of any defect other than lack of subject matter jurisdiction be filed within 30 days after the filing of the notice of removal).

### 1.    Alleged procedural defects relating to removal

Ms. Kengne asserts that she served both the complaint and summons on BDO, the removing defendant, more than 30 days prior to the filing of the notice of removal.  She thus argues that BDO's removal was untimely under 28 U.S.C. § 1446(b).  Ms. Kengne dates the beginning of the 30-day period to June 1, 2022, when she says she sent a copy of the summons and complaint to BDO's registered agent by certified mail.  (Doc. 31-1 at 38.)  She also states that she emailed the summons and complaint to "the CEO Wayne Berson's email address" on June 3, 2022.  (*Id.* at 36.)  BDO states that it was not formally served until June 17, 2022, when a county sheriff's office served its registered agent with the summons and complaint.  (Doc. 1 at 2-3; Doc. 46 at 5; *see also* Doc. 1-1 at 2-3 (copy of the summons addressed to BDO USA, LLP, including cover letter addressed to county sheriff).)[3]

---

[3] BDO acknowledges service on June 17 but does not acknowledge receipt of the documents allegedly mailed on June 1.  (Doc. 46 at 5.)  And while the record is replete with proof of service on numerous defendants (including the June 17 service on BDO), there is no evidence of the alleged June 1 mailing to BDO in the record.  *Shakouri v. Davis*, 923 F.3d 407, 409-410 (5th Cir. 2019) (considering record evidence and affirming denial of motion to remand where "[t]he only evidence in the record of any service of process" failed to support the requested remand).  Even if BDO did receive the June 1 mailing, however, that mailing did not fulfil the requirements of either personal or substituted service of a corporation under the applicable statutes.  *See* O.C.G.A. § 9-11-4(e) (providing for personal service against corporations, as well as a procedure for substituted service on Secretary of State when

In *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, the Supreme Court held that the thirty-day removal period does not begin to run "before service of a summons, *i.e.*, before one is subject to any court's authority." 526 U.S. 344, 356 (1999). In other words, formal service sufficient to create personal jurisdiction in a given state's courts is required before a party is bound by the thirty-day removal period. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008) (stating that "a defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process") (citing *Murphy Bros.*, 526 U.S. 344); *accord Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756 (8th Cir. 2001) (holding that "a defendant is 'required to take action' as a defendant—that is, bound by the thirty-day limit on removal—'only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend'") (quoting *Murphy Bros.*, 526 U.S. at 350); *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 65 (2d Cir. 2012) ("the Supreme Court's holding in [*Murphy*

---

personal service cannot be had); O.C.G.A. § 14-2-504 (permitting service on corporation by certified mail *if* the corporation has no registered agent or the agent cannot with reasonable diligence be served).

*Bros.*] . . . [was] that the thirty-day removal period begins upon formal service

of process") (citing *Murphy Bros.*, 526 U.S. at 347-48); *Destfino v. Reiswig*,

630 F.3d 952, 956 (9th Cir. 2011) (same).  The formal service requirement

exists, as several courts have noted, despite the removal statute's language

referring to "receipt by the defendant, through service or otherwise" of the

pleading.  *See Murphy Bros.*, 526 U.S. at 356 (rejecting the "so-called 'receipt

rule'"); *id.* at 357 (Renquist, C.J., dissenting) (arguing that the majority had

"superimpose[d] a judicially created service of process requirement onto §

1446(b)); *Bailey*, 536 F.3d at 1208 (noting that *Murphy Bros.* "signals a slight

departure from the weight courts might ordinarily put on strict construction

of the removal statute").

 Here, Plaintiff sent a copy of the summons and complaint to BDO by

email (and alleges that she sent the same by mail), but these do not amount

to "service" of the summons and complaint under Georgia law.  On the

contrary, Georgia law requires that process be served by one of five categories

of individuals, including the method Plaintiff used, namely "the sheriff of the

county where the action is brought or where the defendant is found."  *See*

O.C.G.A. § 9-11-4(c).[4]  For an entity like BDO, the statute generally requires

---

[4] The statute reads, in relevant part:
 (c) Summons--By whom served. Process shall be served by:

9

personal service upon a "managing agent" or "registered agent designated for service of process" by one of the abovementioned individuals—unless that defendant has agreed to waive personal service. *Id.* § 9-11-4(e). Emailing or mailing a copy of the complaint and summons may be advisable for the purpose of seeking a defendant's agreement to waive formal service, but it does not constitute formal service in itself, even if the defendant actually receives the documents. *See Radcliffe v. Boyd Motor Lines, Inc.*, 201 S.E.2d 4, 10 (Ga. Ct. App. 1973) ("That the defendant may have received a copy of the complaint and summons in connection with an attempted but invalid service does not suffice to afford the required notice of the action or dispense with a valid service.") (citing *Wood v. Callaway*, 47 S.E. 178 (Ga. 1904)). Thus, Defendant BDO was only required to remove the case within thirty days of its "receipt of formal service of judicial process" delivered by the county

---

(1) The sheriff of the county where the action is brought or where the defendant is found or by such sheriff's deputy;
(2) The marshal or sheriff of the court or by such official's deputy;
(3) Any citizen of the United States specially appointed by the court for that purpose;
(4) A person who is not a party, not younger than 18 years of age, and has been appointed by the court to serve process or as a permanent process server; or
(5) A certified process server as provided in Code Section 9-11-4.1.

O.C.G.A. § 9-11-4.

sheriff's office on June 17, 2022. *Bailey*, 536 F.3d at 1208. Its notice of removal, filed on July 5, 2022, was therefore timely under 28 U.S.C. § 1446.[5] Further, all Defendants consented to removal, and Plaintiff concedes that numerous later-served Defendants consented to removal within their 30-day windows. (Doc. 31-1 at 38-41.)

Ms. Kengne next argues that Defendant Mungal waived his right to removal by filing an answer in state court.[6] (Doc. 31-1 at 5.) "A state court defendant may lose or waive the right to remove a case to a federal court by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (quoting Charles A.

---

[5] The Eleventh Circuit has reasoned the same way. In *Johnson v. Wellborn*, a multiple-defendant action, it rejected a plaintiff's argument that removal was improper without the consent of a defendant who had only been "served . . by sending him copies of [the] complaint and a waiver of service of process via e-mail and U.S. mail." *Johnson v. Wellborn*, 418 Fed. App'x 809, 815 (11th Cir. 2001) (unpublished) (citing *Bailey*, 536 F.3d at 1208). This case is unpublished, but its reasoning and its application of *Bailey* are persuasive in this closely related context. Where there has not been "proper service of process under either [state] or federal law," *id.* at 815, the thirty-day removal period has not yet begun.

[6] Ms. Kengne states that the answer contains counterclaims. (Doc. 31-1 at 5.) The Court has reviewed the 2-page answer and does not find any counterclaims. (Doc. 2.)

Wright, et al., 14B *Federal Practice & Procedure* § 3721 (2003)).  Filing a responsive pleading to a complaint does not necessarily constitute such a waiver.  *See, e.g.,* Yusefzadeh, 365 F.3d at 1246 (defendant that filed a motion to dismiss in state court prior to removing the case did not waive his right to remove the action); *Cogdell v. Wyeth*, 366 F.3d 1245, 1249 (11th Cir. 2004) (same); *Bailey v. Janseen Phamaceutica, Inc.*, 536 F.3d 1202, 1209 n.10 (11th Cir. 2008) (same); *Norman v. Liberty Mutual Ins. Co.*, No. 4:19-cv-02132-JEO, 2020 WL 8575139, at *4 (N.D. Ala. March 16, 2020) (defendant that filed an answer in state court prior to removal was not precluded from consenting to a later-served defendant's removal of the action).

"Waiver will not occur . . . when the defendant's participation in the state action has not been substantial or was dictated by the rules of that court."  *Yusefzadeh*, 365 F.3d at 1246.  *See also Roper v. Saxon Mortg. Servs., Inc.*, No. 1:09–CV–312–RWS, 2009 WL 1259193, at *1 (N.D. Ga. May 5, 2009) (filing of an answer in state court prior to removal, without additional affirmative action, does not constitute a waiver of the right to remove the case).  Under Georgia law, responsive pleadings in state court must be filed within 30 days of service of the summons and complaint, unless otherwise provided by statute.  O.C.G.A. § 9-11-12.  Based on the record before this Court, Mungal's participation in the state court case was only to the extent of

12

not running afoul of the law and potentially finding himself in default. There is no indication that he actively sought to litigate the case in state court. Because he did not take substantial defensive action in the state court, he has not waived his right to remove the case. *Meyer v. QuickTrip Corp.*, No. 1:19-CV-03710-SDG, 2019 WL 13078781, at \*2 (N.D. Ga. Oct. 2019). ("[F]iling an answer, without other affirmative actions, does not waive a defendant's right to remove.")

### 2.    Alleged jurisdictional defect relating to removal

Defendants removed the case on the basis of federal question jurisdiction. (Doc. 1 at 3.) Generally, "a case 'arises under' federal law if federal law creates the cause of action." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Here, the complaint alleges Defendants violated numerous federal laws as outlined in Counts 1-5, 9, and 17-20 of the complaint. To give just one example, Count 4 alleges a violation of Title VII of the Civil Rights Act of 1964 (Compl. at 205-214.) The face of the complaint thus presents clear questions of federal law. This Court therefore has subject matter jurisdiction. Because the Court has subject matter jurisdiction over Ms. Kengne's federal law claims, it can exercise supplemental jurisdiction over the state law claims as those arise from the same case or controversy.

13

28 U.S.C. § 1367.  For the reasons explained above, the Court denies Ms. Kengne's motion to remand.

###    B.    Plaintiff's objection to the Magistrate Judge's order striking the complaint as a shotgun pleading

Ms. Kengne objects to the Magistrate Judge's Order striking her complaint as an impermissible shotgun pleading on several grounds.  First, she objects to the application of federal rules and pleading standards to her complaint that was initially filed in state court.  Federal Rule of Civil Procedure 81(c)(1) provides, however, that the federal rules "apply to a civil action after it is removed from a state court." "Congress has directed the District Court after a case has been removed to proceed therein as if the suit had been originally commenced in said district court." *Freeman v. Bee Mach. Co.,* 319 U.S. 448, 454 (1943) (internal quotation omitted).  The Court therefore overrules Ms. Kengne's objection on this issue.

Next, Ms. Kengne objects to the Magistrate Judge's finding that her complaint is an impermissible shotgun pleading.  (Doc. 38 at 45-57.)  A shotgun complaint can take on multiple forms: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the

last count to be a combination of the entire complaint; (2) a complaint replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate into a different count each cause of action or claim for relief; or (4) a complaint which asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Weiland v. Palm Beach Cty. Sheriff's* Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citing cases). These differences aside, the "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. When a district court receives a shotgun pleading, the court "should strike it and instruct [Plaintiff] to replead the case," rather than "parse out such incomprehensible allegations." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (citation omitted).

This Court agrees with the Magistrate Judge that "[a]s presently drafted, Plaintiff's complaint is a shotgun pleading under all four categories enumerated by the Eleventh Circuit." (Doc. 33 at 4.) The 407-page complaint incorporates the allegations of each preceding count into each succeeding

15

count.  There are over 100 pages of facts, many of which are not obviously connected to particular causes of action.  Each of the 22 counts is directed at all 29 defendants, even when the facts asserted do not appear to have any connection to many of those defendants.  When a plaintiff "indiscriminately incorporates assertions from one count to another," the complaint can become incomprehensible and "prevent the [defendant] from reasonably being able to prepare a[n answer] or simply make the burden of doing so more difficult." 5A Charles Alan Wright et al., *Federal Practice and Procedure* § 1326 (3d ed. 2004).  Here, the complaint does not give the 29 defendants adequate notice of the claims against them individually.  For the reasons explained above, the Court OVERRULES Ms. Kengne's objection to the Magistrate Judge's order striking her complaint as an impermissible shotgun pleading.

### C.   Plaintiff's Objection to the Magistrate Judge's R&Rs regarding Defendants' motions to dismiss

Because the Magistrate Judge struck Ms. Kengne's complaint as an impermissible shotgun pleading, she recommends that Defendants' motions to dismiss and joint motion to stay discovery and pre-trial deadlines be denied as moot.  (Doc. 33, 36.)  Ms. Kengne does not object to this recommendation.  Rather, she presents several arguments concerning the merits of Defendants' motions to dismiss.  (Doc. 38 at 57-67.)

16

The complaint having been struck, there is no operative pleading in this case. Thus, Defendants' pending motions to dismiss and joint motion to stay discovery and pre-trial deadlines are due to be denied as moot. *See, e.g,, Risk v. Internal Revenue Serv.*, No. 18-61300, 2018 WL 7502702, at \*1 (S.D. Fla. July 3, 2018) (denying a motion for referral as moot because the operative complaint had been struck as a shotgun pleading); *Enax v. Goldsmith*, No.: 8:07-cv-799-T-23TGW, 2007 WL 9723885, at \*2 (M.D. Fla. June 15, 2007) (denying as moot plaintiff's motion for summary judgment because there was no operative complaint). The Court ADOPTS the Magistrate Judge's recommendations concerning the pending motions. The pending motions to dismiss and to stay discovery are DENIED AS MOOT. (Doc. 10, 12, 13, 14, 15, 17, 19, 20, 32.)

**D.    Plaintiff's failure to comply with the Magistrate Judge's order requiring her to file an amended complaint**

After striking the complaint, the Magistrate Judge advised Ms. Kengne that if she "wishes to pursue this civil action, she must file an amended complaint correcting the aforementioned deficiencies by no later than August 15, 2022." (Doc. 33 at 10). To date, Ms. Kengne has not filed an amended complaint, nor has she requested an extension of time to do so. The August 15 deadline to file an amended complaint was not stayed by the fact that Ms.

17

Kengne filed an objection to the Magistrate Judge's Order.  "Even though a party may object to a magistrate judge's order on a non-dispositive matter, the order is nonetheless a final order absent reversal by the district court.  As a result, an objection to such final order does not stay the order or relieve the party of the obligation to comply with the order."  *TemPay, Inc. v. Biltres Staffing of Tampa Bay*, LLC, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013).  *See also Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.")

Local Rule 41.3(A)(1), NDGa, provides that the "Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if [a] plaintiff or attorney willfully fails or refuses to make a case ready."  There is no operative pleading in this case, and Ms. Kengne has not filed any substitute or amended pleading on which this case may proceed.  While Ms. Kengne disagrees with the characterization of her complaint as a shotgun pleading (Doc. 38 at 7), she was nevertheless required to timely comply with the Magistrate Judge's order.  She failed to do so.  The Court therefore DISMISSES this case without prejudice for want of prosecution pursuant to

18

Local Rule 41.3(A)(1), NDGa, and for failure to obey a lawful order of the Court pursuant to Local Rule 41.3(A)(2).[7]

## IV.    Conclusion

The Court OVERRULES Ms. Kengne's objections to the Magistrate Judge's R&Rs and Order.  (Doc. 38.)  The Court ADOPTS the R&Rs (Doc. 33, 36) and DENIES AS MOOT the pending motions to dismiss and to stay discovery (Doc. 10, 12, 13, 14, 15, 17, 19, 20, 32).   Ms. Kengne's motion to stay this case pending the outcome of her appeal is DENIED AS MOOT. (Doc. 42.)  The case is DISMISSED WITHOUT PREJUDICE for want of prosecution pursuant to Local Rule 41.3(A)(1), NDGa and for and for failure to obey a lawful order of the Court pursuant to Local Rule 41.3(A)(2).

---

[7] The dismissal is without prejudice.  Dismissal with prejudice for failure to prosecute or failure to follow a lawful order of the Court "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995) (internal quotation marks omitted); *see also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice).  The Court does not find these circumstances present here.

20

**SO ORDERED** this 18th day of November, 2022.

SARAH E. GERAGHTY
United States District Judge